## EX PARTE CHARLES BERNADIE.

No. 10106.   Delivered March 10, 1926.

**Habeas Corpus—Fine Remitted—Relator Discharged.**

Where, on an original application presented by appellant to this court for a writ of habeas corpus, praying that he be released from a fine of $25.00 imposed against him by the corporation court of the city of Port Arthur, it is made to appear that the fine complained of has been remitted, and relator discharged from all liability thereunder, the writ of habeas corpus is denied.

An original habeas corpus from Jefferson County, praying recourse from a fine imposed in the Corporation Court of Port Arthur.

Relator's application for writ of habeas corpus denied.

*P. G. Vaughn* of Porth Arthur, for relator.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—On February 17th, 1926, relator presented to Hon. W. C. Morrow, Presiding Judge of this Court, an original application for writ of habeas corpus in which the constitutionality of the Corporation Court of Port Arthur, Texas, was attacked.  Relator alleged that he was being restrained of his liberty by W. W. Covington, chief of police of the city of Port Arthur, by virtue of a commitment issued out of said Corporation Court, wherein relator had been assessed a fine of $25 upon conviction for vagrancy.  The Presiding Judge of this Court made an order directing the chief of police to show cause on March 3, 1926, why the writ should not issue, in the meantime ordering the release of relator upon bail in the sum of $200.  On said March 3rd the chief of police under oath filed his answer, stating that he was in no manner restraining relator of his liberty; that since the order of this Court was made on February 17th the Commission of the City of Port Arthur had remitted the fine assessed against relator and that the cause under which relator had been tried had been cleared from the docket of the Corporation Court; that said chief of police was not now and would not further claim any fine against relator in such case.  There is also on file a certified copy of the order made by the Commission of

Port Arthur remitting the fine and costs theretofore assessed against relator.

It thus appears that in so far as relator is concerned the validity of the Corporation Court of the City of Port Arthur has become a moot question.

The writ of habeas corpus is therefore denied.

*Writ denied.*