Ex parte HOWARD RUSSELL.

No. A-8250.   Sept. 19, 1931.
(3 Pac. [2d] 248.)

G. E. Croom, for petitioner.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Petitioner alleges that he is restrained of his liberty at Tulsa, Okla., by Charles Price, sheriff of that county; that the cause of said restraint, according to the best knowledge and belief of the petitioner, is that he is held by warrant issued out of the court of common pleas of Tulsa county, and that petitioner is held for an alleged crime, to wit, the possession of burglary tools; that an illegal and unlawful complaint or information has been filed against petitioner in Tulsa, before the court of common pleas, and petitioner is held to answer for said alleged crime; that section 2065, C. O. S. 1921, which is the alleged authority for the issuance of the complaint, is unconstitutional and void for that it is in violation of the Fourteenth Amendment to the Constitution of the United States and of the Constitution of Oklahoma (article 2, § 7), in that it deprives petitioner of his liberty without due process of law.

To this petition Charles Price, the sheriff, makes response that he is holding petitioner under a commitment issued out of the municipal criminal court of the city of Tulsa, wherein the petitioner was convicted of the crime of vagrancy and was ordered to pay a fine of $100 and $10.60 costs and to be committed to the Tulsa county jail for a period of thirty days, which commitment was

issued on the 15th day of August, 1931; that the fine and costs have not been paid in said case.

Respondent further answers that he is holding defendant upon a commitment issued out of the court of common pleas of Tulsa county, on the 17th day of August, 1931, wherein Eugene Fowler, Roy Richardson, and Howard Russell were bound over on preliminary examination on a charge of unlawful possession of burglary tools and their bonds fixed by the court at $1,000 each, and that defendant has not made bond in said cause, which order of commitment is signed by Wm. N. Randolph, one of the judges of the court of common pleas of the city of Tulsa.

Where it appears from the response of the officer that he is holding petitioner upon a commitment duly signed for a conviction upon another offense, and that the judgment and sentence rendered against the defendant in that cause has not been satisfied, a writ of habeas corpus will not be granted, since it could not cause the discharge of petitioner.

The writ is therefore denied.

DAVENPORT, P. J., and EDWARDS, J., concur.