## In re LEO MAYNARD.

No. A-10570.   Nov. 22, 1944.

(153 P. 2d 505.)

Leo Maynard, pro se.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J.  This proceeding in habeas corpus is instituted by the petitioner, Leo Maynard, to secure his release from confinement in the State Penitentiary.

The petitioner seeks his release upon the following grounds:

First, he had been placed in jeopardy twice for the same offense.

Second, he had been denied his right to a speedy and public trial.

Third, he was deprived of his liberty without due process of law.

When the petition was first presented, the petitioner asked this court to direct that a transcript of the proceedings, not including the evidence taken before the district court of Osage county, be furnished at the expense of Osage county. After an examination of the petition, this court directed that a transcript of the record be furnished, and, in accordance with said order, the court clerk of Osage county has filed herein duly certified copies of all of the instruments filed in his office pertaining to defendant's case.

The duly certified transcript which the petitioner adopted and makes a part of his petition shows that petitioner was charged with a crime of burglary in the second degree after having previously been convicted and served terms in the State Penitentiary for the crimes of larceny of livestock and three offenses of burglary in the second degree. A preliminary examination was held on April 6, 1942, and at the conclusion thereof defendant was ordered held for trial in the district court and committed to jail in default of bail. An information was filed against the defendant and upon his arraignment before the district court, counsel was appointed to represent defendant. This counsel for defendant filed a demurrer to the information and when it was overruled entered a plea of not guilty.

The case was later assigned for trial for October 20, 1942. Subpoenas were issued for both the state and defendant. After a trial, the jury returned a verdict of guilty, but left the punishment to the trial court. Later, after overruling a motion for new trial presented by counsel for defendant, the defendant was sentenced to serve a term of six years in the State Penitentiary and was committed to the penitentiary in default of bail.

The only irregularity in the whole proceeding is the amount of punishment assessed the defendant by the trial court. The verdict of the jury found the defendant guilty of the crime of burglary in the second degree, and further found that it was a second and subsequent offense. Under this record, the minimum punishment which could be assessed the defendant was a term of ten years in the State Penitentiary. Spann v. State, 69 Okla. Cr. 369, 103 P. 2d 389; 21 O. S. 1941 § 51. Since the error by the court is one in favor of the defendant, he is not in a position to complain because, if the matter were sent back to the trial court with directions to assess the punishment in accordance with the verdict of the jury, he would receive a sentence of at least ten years in the State Penitentiary. Of course, defendant by his petition does not seek this remedy.

We have found nothing in the record to sustain any of the petitioner's contentions. There is nothing to show that he was denied any statutory or constitutional rights. He was furnished counsel throughout the proceeding. We were not furnished with a transcript of the evidence taken in the trial of the defendant, but in a habeas corpus action, the same would not be considered unless it had a bearing upon the question of the lack of jurisdiction of the trial court.

It is well settled that the writ of habeas corpus is not to determine the guilt or innocence of the prisoner, but is only to determine whether the prisoner is restrained of his liberty by due process of law, and to determine whether the court which rendered the particular judgment was without jurisdiction. The writ may not be used to perform the office of an appeal.

The writ of habeas corpus is denied.

BAREFOOT, J., concurs. DOYLE, J., not participating.