## Ex parte ROY MATHIS.

No. A-11186.    March 23, 1949.

(204 P. 2d 550.)

Roy Mathis, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J. The petitioner, Roy Mathis, filed his verified petition for habeas corpus seeking release from confinement in the State Penitentiary where he is allegedly incarcerated by reason of a judgment and sentence pronounced against him in the district court of Oklahoma county, upon his conviction of the crime of burglary in the second degree after former conviction of a felony.

In the verified petition it is alleged that petitioner was arrested in the month of July, 1944, by certain police officers and charged with the crime of burglary; that he remained incarcerated in the county jail for more than three months and then was released from custody; that in October, 1945, he was again arrested on the same charge, held in jail for 50 days, at which time he was tried and convicted, and pursuant to the verdict of the jury was sentenced to serve a term of 10 years imprisonment in the State Penitentiary.

The petition alleged that at the time of the trial, the petitioner was represented by J. G. Connelly, the public defender; that there was no evidence at the trial that petitioner had actually broken into or entered any building, and no evidence to show that he had formerly been convicted of a felony, and that on the contrary the owner of the property alleged to have been burglarized testified positively that his property had not been burglariously entered.

The Attorney General has filed a demurrer to the petition on the ground that there are no facts alleged which are sufficient to show lack of jurisdiction in the district court to pronounce the judgment and sentence which is the basis of the commitment of the petitioner to the penitentiary.

It is established law that the writ of habeas corpus cannot be used to perform the office of a writ of error on appeal and that the Criminal Court of Appeals will not review by habeas corpus the facts surrounding the trial of an accused nor to determine his guilt or innocence. The court confines its inquiry to the determination as to whether the prisoner is restrained of his liberty by due process of law and whether the court which rendered the judgment imposing the sentence was without jurisdiction. In re Maynard, 79 Okla. Cr. 215, 153 P.2d 505; Ex parte Goff, 87 Okla. Cr. 33, 194 P. 2d 206.

The demurrer of the Attorney General to the petition is sustained and the writ of habeas corpus is denied.

BAREFOOT and BRETT, JJ., concur.