## FORBES v. BURFORD, Warden.

No. A-11411.   Nov. 8, 1950.

(224 P. 2d 269.)

Charles Forbes, per se.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

JONES, P. J.   This is an original action in habeas corpus instituted by the petitioner, Charles Forbes, to secure his release from confinement in the State Penitentiary.

The petition is unverified but signed by the petitioner. It was evidently drawn by some inmate of the penitentiary who apparently had read decisions of this court and was attempting to pattern his petition after some of those described in the decisions of the court. From the best we are able to deduct from the ambiguous nature of the petition, it is claimed that petitioner entered a plea of guilty in the district court of Delaware county and was sentenced to serve three years in the State Penitentiary on a charge of stealing cattle; that petitioner was not represented by counsel and was so il-

literate that he did not know what he was doing at the time the plea of guilty was entered.

At the direction of this court the Attorney General has made an investigation of petitioner's case and has filed a response to the petition. Attached to the response is a copy of the judgment and sentence pronounced against the accused. This judgment and sentence shows that on the 19th day of December, 1949, the petitioner was sentenced to serve a term of three years imprisonment in the State Penitentiary for the crime of larceny of domestic animals upon a plea of guilty. This sentence was the minimum that could have been given under the law.

We have also been furnished with affidavits of the district judge and the county attorney of Delaware county, together with certified copy of the appearance docket, and the minutes of the court proceedings at the time of the entry of the plea of guilty by petitioner. These instruments divulge that the petitioner was arrested on December 16, 1949, following the confession of his brother; that those two together with one Frank Salas had stolen a cow and calf from H. G. Carson and took them to the Joplin stockyards, sold them and divided the money three ways; that after the arrest of the accused he made a full confession and at the time he entered his plea of guilty he was present in the court with his wife and other relatives; that defendant did not appear to be feeble-minded or unable to comprehend the nature of the charge filed against him, but readily stated to the court that he was ready to plead guilty and waive his right to counsel. The trial court stated in his affidavit:

"There is no question at all in this Court's mind that this man fully understood everything that he was doing, was fully advised of all of his rights at the time of his plea and sentence."

It should be borne in mind that this is a habeas corpus action and not an appeal from a judgment of conviction. In habeas corpus the scope of review is limited to an examination of the jurisdiction of the court whose judgment of conviction is challenged. In re Davis, 78 Okla. Cr. 444, 150 P. 2d 367.

We are being deluged with a large number of petitions for habeas corpus from the State Penitentiary. Evidently some inmate of the penitentiary is taking advantage of the other inmates and by making exaggerated representations as to his knowledge of the law is procuring a fee from the inmates and filing these petitions as fast as he can type them. In the instant case the petition is improperly prepared and no certified copy of any of the court proceedings in the trial court are attached to the petition. If an inmate of the prison wishes to challenge a judgment and sentence pronounced against him, he should attach to his petition a certified copy of the information and a certified copy of the judgment and sentence pronounced against him.

If the alleged basis for attempted release on habeas corpus pertains to the alleged denial of some of the constitutional rights of the accused, a certified copy of the minutes of the court proceedings should also be attached.

In the instant case the judgment and sentence attached to the response is regular on its face, and in the face of the vagueness of the unverified petition we feel that this judgment and sentence is a sufficient answer to the petition for habeas corpus and is sufficient to show the authority by which the warden is detaining the prisoner.

The writ of habeas corpus is denied.

BRETT and POWELL, JJ., concur.