**In re Habeas Corpus of Billy RICHARD-SON, Petitioner.**

**H. C. McLeod, Acting Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–12189.**

Criminal Court of Appeals of Oklahoma.
May 11, 1955.

··Billy Richardson, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original proceeding in habeas corpus brought by petitioner, Billy Richardson, to secure his release from imprisonment in the State Penitentiary at Mc-Alester, Oklahoma.

He alleges that he is being unlawfully restrained of his liberty by H. C. McLeod, Acting Warden of the State Penitentiary, McAlester, Oklahoma. He further alleges that the cause of said unlawful restraint is by virtue of a judgment and sentence made and entered in the District Court of Craig County, Oklahoma, wherein he was charged and convicted of the crime of burglary, and sentenced to the Penitentiary for a term of five years. The date of said judgment and sentence is not alleged, nor is there a copy of the judgment, sentence

and commitment attached to said petition. To this petition, the Attorney General has filed a demurrer, alleging in substance, that the petition wholly fails to state facts sufficient to warrant the relief prayed for.

■ Under the status of this record, there are not sufficient facts alleged to determine whether the trial court was without jurisdiction to enter the judgment of conviction. It must be presumed, in the absence of sufficient facts to question the jurisdiction that the trial court had jurisdiction of the subject matter, jurisdiction of the person of the accused, and authority under the law to pronounce the judgment and sentence.

■ It has repeatedly been held that, where an inmate of the Penitentiary wishes to challenge the judgment and sentence pronounced against him, he should attach to his petition, a certified copy of the information, and a certified copy of the judgment and sentence pronounced against him. Forbes v. Burford, 92 Okl.Cr. 440, 224 P.2d 269; Ex parte Jones, 92 Okl.Cr. 443, 224 P.2d 280, 281, quoting In re Gower, 92 Okl.Cr. 315, 223 P.2d 154, as follows:

> " 'We are of the opinion that an unverified petition for habeas corpus with allegations such as are herein set forth, there being no certified copy of the information or judgment and sentence of the lower court attached to the petition, is insufficient to question the validity of the commitment by which the person is incarcerated in the penitentiary.' "

Ex parte Arnett, 76 Okl.Cr. 209, 135 P.2d 507. To the same effect is Ex parte Conway, 97 Okl.Cr. 1, 256 P.2d 189, certiorari denied, 345 U.S. 967, 73 S.Ct. 955, 97 L.Ed. 1385.

■■ It is highly important that a copy of the judgment and sentence be attached to a petition for habeas corpus since it has been repeatedly held by this Court that the writ of habeas corpus is limited to cases where the judgment and sentence of the court attacked, are clearly void, and that the Criminal Court of Appeals, on habeas corpus, will not look beyond the judgment

and sentence of any court of competent jurisdiction as to mere irregularities of procedure, or errors of law, over which the court has jurisdiction. Ex parte Critser, 87 Okl.Cr. 380, 198 P.2d 228.

■ It is therefore apparent that this petition alleges insufficient facts to sustain relief by habeas corpus.

JONES, P. J., and POWELL, J., concur.