In re Habeas Corpus of Clemmie WILLIAMS, Petitioner,

H. C. McLeod, Warden Oklahoma State Penitentiary, McAlester, Oklahoma, Respondent.

No. A–12207.

Criminal Court of Appeals of Oklahoma.

June 1, 1955.

Clemmie Williams, Petitioner, pro se.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original petition in habeas corpus brought by Clemmie Williams, as petitioner, whereby he seeks release from the State Penitentiary, in McAlester, Oklahoma, by writ of habeas corpus.

In said petition, petitioner alleges that he is unlawfully detained of his liberty in the State Penitentiary of Oklahoma, by Warden H. C. McLeod; said restraint is because of a judgment and sentence entered in the District Court of Oklahoma County, Oklahoma, on September 24, 1953, wherein he was adjudged guilty of the crime of second degree forgery, after a former conviction of a felony, and was sentenced to serve a term of ten years in the State Penitentiary.

In said petition, in substance it is alleged that he was denied the right of a fair trial, and witnesses for his defense, and proper and legal means for which to show before a jury he could not have signed a bank check that he was charged with having forged; he further in substance alleges that the complaining witness had forged petitioner's signature to the said check, and that he was framed by the complaining witness. Furthermore, he alleges that he could not have committed the crime for which he is being held.

To the petition, Honorable H. C. McLeod, Warden of the State Penitentiary, makes response, and attaches thereto, a photostatic copy of the judgment and sentence made and entered against the petitioner on September 24, 1953, in the District Court of Oklahoma County, wherein it appears he plead guilty to the charge of forgery in the second degree, after a former conviction of a felony. Respondent denies each and every allegation contained in said petition, and positively alleges that the judgment and sentence is legal and lawful in all respects and that the term of imprisonment prescribed therein has not yet been served. He further alleges that habeas corpus may not be substituted for appeal, and that no record has been presented to this court to sustain the attack made upon the judgment and sentence.

Careful examination of the judgment and sentence, made and entered as hereinabove referred to, discloses that the petitioner entered a plea of guilty to the charge of forgery in the second degree, after a former conviction. Thus it appears that the trial court had jurisdiction of the person, and jurisdiction of the subject matter. It further appears that the sentence imposed was within the limits provided by law; forgery in the second degree not exceeding seven years, 21 O.S.1951 § 1621, and second and subsequent offenses, where an offender would be imprisoned in the Penitentiary for a term exceeding five years, such person is punishable by imprisonment in the Penitentiary for a term of not less than ten years, 21 O.S.1951 § 51. It is disclosed from the judgment and sentence herein involved that the defendant was sentenced to the Penitentiary for a term of ten years. It therefore appears that the sentence imposed is within the limits prescribed by law.

It has repeatedly been held by this court that where the trial court has jurisdiction of the person, of the subject matter, and authority under the law to pronounce judgment and sentence, relief may not be had by habeas corpus. DeWolf v. State, 96 Okl.Cr. 382, 256 P.2d 191. It has repeatedly been held that habeas corpus is not a substitute for appeal. It appears herein that this is an attempt to substitute habeas corpus for an appeal. DeWolf, supra; Ex parte Gee, 84 Okl.Cr. 439, 183

P.2d 603; Ex parte Story, 75 Okl.Cr. 367, 131 P.2d 773.

██ It has further been held that only jurisdictional questions may be reviewed in a habeas corpus proceeding. Ex parte Walker, 84 Okl.Cr. 190, 180 P.2d 670, wherein it was further held that the writ of habeas corpus is limited to cases in which the judgment and sentence attacked are clearly void. The judgment and sentence herein appears on its face to be legal and lawful in all respects, and no jurisdictional questions are raised attacking its sufficiency. The term of imprisonment has not been served, hence the writ of habeas corpus is accordingly denied.