Matter of the Petition for Writ of Habeas Corpus by Richard B. WATSON, Petitioner.

No. A–12337.

Criminal Court of Appeals of Oklahoma.

May 16, 1956.

**570**

Richard B. Watson, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

BRETT, Judge.

This is an original petition for habeas corpus by Richard B. Watson, wherein he alleges he is being unlawfully restrained of his liberty by H. C. McLeod, warden of the Oklahoma State Penitentiary. He complains that he was convicted in the District Court of Creek County, Oklahoma, of the crime of second degree burglary on or about September 20, 1954, on a plea of guilty and was sentenced to five years in the penitentiary; that upon imposition of sentence, the same was suspended. Shortly thereafter, the petitioner was re-arrested and claims the sentence was revoked and he was summarily committed upon said judgment.

 No copy of the judgment and sentence herein complained of, is attached to the petition. It has been repeatedly held by this court that where there is no certified copy of the judgment and sentence of the lower court attached to the petition, the petition is insufficient to question the validity of the commitment by which the person is incarcerated in the penitentiary. In re Richardson, Okl.Cr., 283 P.2d 855.

Furthermore, it appears that the trial court had jurisdiction of the defendant's person, jurisdiction of the subject matter, 21 O.S.1951 § 1435, and authority under the law to pronounce judgment and sentence. 21 O.S.1951 § 1436. Moreover, the trial court had authority under the law to revoke the suspended sentence in a summary manner. 22 O.S.1951 § 992; Stone v. State, 86 Okl.Cr. 1, 188 P.2d 875; State v. Humphrey, 85 Okl.Cr. 153, 186 P.2d 664.

Furthermore, it appears that this is an attempt to reach by habeas corpus what should have been sought by appeal. It has been repeatedly held that habeas corpus is not a substitute for an appeal. Ex parte Vanderburg, 73 Okl.Cr. 21, 117 P.2d 550.

Writ denied.

POWELL, J., concurs.

JONES, P. J., not participating.