Matter of the Petition for Writ of Habeas Corpus by Jerry BOYD, Petitioner.

No. A–12338.

Criminal Court of Appeals of Oklahoma.

Oct. 3, 1956.

the Oklahoma State Penitentiary.. He alleges the cause of said restraint is a certain allegedly invalid judgment and sentence rendered against him on the 26th day of May, 1954, on a charge of possession of marihuana after a former conviction of a felony and upon conviction was sentenced to serve six years in the penitentiary at McAlester, Oklahoma, where he is now confined.

To his petition the state filed a response in the nature of a general denial expressly alleging that he was being deprived of his liberty by a judgment and sentence in all respects regular and valid. Further responding, the state alleges that he was properly represented by counsel, duly tried and convicted, an appeal perfected which appeal was determined by the Criminal Court of Appeals adversely to the petitioner, Boyd v. State, Okl.Cr., 290 P.2d 160, and that the petitioner is attempting to secure a consideration or review of the issues which were therein determined. The Attorney General further alleges that the fact the House of Representatives has not been re-apportioned as provided by the Constitution affords the petitioner no relief.

In the petition, the petitioner complains that since there has been no re-apportionment of the legislative representation since 1921, that the one hundred twenty three members comprising the House of Representatives being not lawfully constituted were without authority to enact the provisions of 63 O.S.1951 § 451 in relation to possession of marihuana and the penalties therefor, § 452. He contends under his theory the counties would be entitled to seven members each and that the House of Representatives would therefore be composed of five hundred thirty nine members instead of the present one hundred twenty three.

Conceding that the present legislative apportionment may be unconstitutional, it avails the petitioner nothing. This court has held adversely to this contention in the case of State ex rel. Tayrien v. Doggett, Okl.Cr., 296 P.2d 185, wherein it was held

Jerry Boyd, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original unverified petition for writ of habeas corpus brought by Jerry Boyd, wherein he complains that he is being unlawfully restrained of his liberty by the Honorable H. C. McLeod, Warden of

that even if the legislature was not lawfully convened, they were actually officers de facto and the law upon principles of policy and justice would hold valid their acts so far as they involve the interest of the public and third persons, where the functions of the office are exercised by one who was in actual possession of it under color of title and the title of a person acting with color of authority, even if he is not a good officer from the point of law, cannot be collaterally attacked. Such is the situation in the case at bar.

The next point raised by the petitioner is in relation to his motion to suppress the evidence. This question was passed on in Boyd v. State, supra [290 P.2d 163], wherein this court said:

"There is nothing in the record to indicate whether or not the motion was ever considered by the court. No contention was made at time of oral argument or in briefs that it was."

The record in the above styled case further held that the motion to suppress not having been timely presented, was waived. It appears in the record on appeal that waiver was effected either by express agreement, consent, or by failure to insist on the right in a reasonable time. For details, see Boyd v. State, supra.

It has been repeatedly held that habeas corpus may not be used as a substitute for an appeal. Ex parte Brewster, Okl. Cr., 284 P.2d 755; Ex parte Williams, Okl. Cr., 284 P.2d 1034. The question having been passed upon on the appeal adversely to the petitioner, certainly he cannot raise the issue by habeas corpus as a substitute therefor.

The questions raised in this petition for writ of habeas corpus constitute an attempt to obtain a review of the matters and things heard at the time of trial as well as to call to the court's attention matters and things which have occurred subsequent to the trial. On the matters that occurred before the trial, at the trial, or which should have been raised at the trial, we are precluded from granting relief for the reason herein before

given that habeas corpus can not be substituted for appeal. On the matters which occurred subsequent to the trial, we are precluded from granting relief for the reason that the same are not properly before us.

Moreover, we are precluded from granting relief for the reason that the judgment and sentence herein complained of shows on its face, which is not denied by the petitioner, that the trial court had jurisdiction of his person, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence imposed. 63 O.S.1951 § 451–452; Ex parte Brewster, supra; Ex parte Williams, supra; Ex parte Simmons, 96 Okl. Cr. 279, 252 P.2d 935. The writ is accordingly denied.

JONES, P. J., and POWELL, J., concur.