**Matter of Habeas Corpus of Charles Wilson CROSS.**

No. A–12368.

Criminal Court of Appeals of Oklahoma.
Jan. 9, 1957.

**1050** ■

Charles Wilson Cross, McAlester, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., J. Howard Edmondson, County Atty., Tulsa County, Tulsa, for respondent.

POWELL, Judge.

■ Petitioner, Charles Wilson Cross, has filed a verified petition in this court seeking his release from confinement in the State Penitentiary. He alleges that he was sentenced to 18 months confinement in the penitentiary on April 6, 1955, in the district court of Tulsa County, for the offense, he says he thinks, of leaving the scene of an accident. He sets out that the maximum penalty that could be assessed was but 12 months. He is correct, if the charge was not for a second and subsequent offense. 47 O.S.1951 § 121.2(b). He failed, however, to attach a certified copy of the information, and a certified copy of the judgment and sentence of the trial court, as we have so often said was a prerequisite to making out a prima facie case. Ex parte Conway, 97 Okl.Cr. 1, 256 P.2d 189; Ex parte Cummins, 94 Okl.Cr. 25, 229 P.2d 611; Forbes v. Burford, 92 Okl.Cr. 440, 224 P.2d 269; In re Richardson, Okl.Cr., 283 P.2d 855.

While the burden of proof is on the petitioner, the attorney general has appeared for the Warden and filed a response in which it is alleged that petitioner is in custody pursuant to two judgments and sentences pronounced by the district court of Tulsa County, one of which was on a plea of guilty to a charge of operating a motor vehicle upon the highway while under the influence of intoxicating liquor, second and subsequent offense, and where he was sentenced to serve 18 months in the state penitentiary. Also the sentence here complained of was to run concurrently with this conviction.

The county attorney of Tulsa County has now also filed a response in this case, attached to which are photostatic certified copies of the two judgments entered, each of which was entered on April 6, 1955 upon a plea of guilty. In the case mentioned by petitioner where it is alleged that he was charged with leaving the scene of an accident, while we do not have a certified copy of the information, it would appear from the judgment that he was not charged as a second and subsequent offender, and as contended by petitioner, the court had authority to sentence him for only the maximum term of 12 months. 47 O.S.1951 § 121.2(b). Petitioner was sentenced to 18 months in prison.

■ Although the judgment was pronounced, as contended by petitioner, on April 6, 1955, the defendant was a fugitive for a time and was not received in the penitentiary until March 16, 1956. He can not be released because he has not completed serving his sentence of 18 months imprisonment on the companion case, where he plead guilty to driving while under the influence of intoxicating liquor, second and subsequent offense.

In the case of Ex parte Tollison, 73 Okl.Cr. 38, 117 P.2d 549, this court held that where petitioner stands committed on unsatisfied judgments other than the one in which he is seeking his release on habeas corpus, the writ of habeas corpus will be denied. See also Ex parte Allen, 56 Okl. Cr. 154, 35 P.2d 284; Ex parte Russell, 52 Okl.Cr. 136, 3 P.2d 248; Ex parte Adams, 39 Okl.Cr. 334, 265 P.2d 147; Ex parte Baldridge, 81 Okl.Cr. 300, 164 P.2d 253; Ex parte Grimes, 92 Okl.Cr. 87, 221 P.2d 679, 682.

The writ of habeas corpus is denied.

JONES, P. J., and BRETT, J., concur.