### In the matter of the habeas corpus of Joe LONDON, Petitioner.
### No. A–12566.

Criminal Court of Appeals of Oklahoma.
Feb. 5, 1958.

Joe London, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

BRETT, Presiding Judge.

This is an original petition for habeas corpus brought by Joe London, pro se, an inmate of the penitentiary, complaining of a certain judgment and sentence against him upon a conviction by a jury for rape in the second degree, for which he was sentenced to ten years in the state penitentiary.

Because of the petition for habeas corpus having been filed by an inmate of the penitentiary and because of the fact the petitioner represents himself, we have given this matter more than ordinary consideration. It appears that after said conviction herein complained of, an appeal was perfected by the petitioner and an opinion rendered therein on May 2, 1956. London v. State, Okl.Cr., 297 P.2d 567. We have examined the appeal therein perfected by transcript. In addition thereto, on this petition for habeas corpus the petitioner has submitted a transcript of the testimony in the trial on the merits. This we have also examined. In the petition herein, it appears the petitioner complains that he was not permitted to cross-examine certain witnesses who were endorsed on the information, but who apparently did not testify. He further complains of the fact that he has been deprived of certain property and in effect alleges that his conviction was a result of a conspiracy on the part of the alleged victim, Dorcas London, his niece, and her father, with whom the petitioner had a partnership arrangement in a nursery, to eliminate the petitioner from the partnership and thereby convert his interest in the nursery and to appropriate his property and money to the use and benefit of the victim's father.

None of the matters alleged in the petition are matters that can properly be inquired into on habeas corpus. They are matters that might have been considered on appeal if properly raised. It has been repeatedly held by this Court that habeas corpus is not a substitute for an appeal. In re Watson, Okl.Cr., 297 P.2d 569; In re Boyd, Okl.Cr., 302 P.2d 494; In re Goff, Okl.Cr., 312 P.2d 902. Moreover, it has been held that where the trial court had jurisdiction of the petitioner's person, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence, and nothing occurred to defeat the trial court's jurisdiction, relief will not be granted by habeas corpus. In re Watson, supra; In re Boyd, supra; In re Childers, Okl.Cr., 310 P.2d 776; In re Goff, supra; In re Duty, Okl.Cr., 318 P.2d 900.

It is clearly apparent that the petition herein wholly fails to state grounds for relief by habeas corpus and that the record submitted in support of the petition submits only questions which may be submitted on appeal. The writ of habeas corpus is accordingly denied.

POWELL and NIX, JJ., concur.