**Application of Phillip EIDENMUELLER for Writ of Habeas Corpus.**

**No. A–12655.**

Court of Criminal Appeals of Oklahoma.

July 8, 1959.

Phillip Eidenmueller, pro se petitioner.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent..

BRETT, Judge.

This is an original action for habeas corpus brought by Phillip Eidenmueller in which he complains he is being unlawfully restrained of his liberty by Hon. Joe Harp, Warden of the Oklahoma State Reformatory. In his petition he urges the District Court of Jackson County, Oklahoma, was without jurisdiction to try and sentence him for burglary in the second degree, 21 O.S. 1951 §§ 1435, 1436, on September 25, 1957, to seven years in the state penitentiary, and that he is entitled to a release by habeas corpus.

To his response the Attorney General attaches a copy of the information, charging the petitioner with the crime of burglary in the second degree, allegedly committed by the petitioner on or about September 9, 1957, of the store of W. H. Palmer, 2200 Broadway, Altus, Oklahoma, by breaking the lock on an outer door, entering therein, and stealing therefrom $97.70 against the will and without the consent of said W. H. Palmer.

It further appears herein that this was one of nine confessed burglaries participated in by the accused in Jackson County as well as in five other jurisdictions. It further appears that by an agreement with the petitioner and his counsel, Hon. Ryan

Kerr, this offense was the only one upon which prosecution was instituted. It further appears that in person and while represented by Mr. Kerr, as counsel, the petitioner entered a plea of guilty to said charge, upon which the judgment and sentence, as agreed upon by the parties, was entered. It further appears the petitioner was then past twenty-one years of age, and the minutes of the court reflect that nothing transpired to cause the trial court to lose jurisdiction, and that said judgment is valid on its face.

Under this record, it clearly appears the trial court had jurisdiction of the subject matter, jurisdiction of the person, and authority under the law, 21 O.S.1951 § 1436, to pronounce the maximum sentence of seven years in the penitentiary. The trial court having done nothing to lose jurisdiction, relief by habeas corpus must be accordingly denied. In re Brewster, Okl.Cr., 284 P.2d 755; In re Williams, Okl.Cr., 284 P.2d 1034.

POWELL, P. J. and NIX, J., concur.