### Application of Billy Joe KUNKEL for Writ of Habeas Corpus.
### No. A-12757.

Court of Criminal Appeals of Oklahoma.
Nov. 25, 1959.

Billy Joe Kunkel, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original proceeding by pro se petition for habeas corpus brought by Billy Joe Kunkel. In said petition he alleges that he is being unlawfully detained by the Warden of the Oklahoma State Penitentiary, Hon. Robert R. Raines, by virtue of a judgment and sentence of fifty years for robbery with firearms entered against him in the District Court of Muskogee County, Oklahoma, by Hon. E. G. Carroll, Judge thereof, on the second day of July, 1954. He alleges the judgment is void for the reason the court was without jurisdiction to receive his plea of guilty since it was entered without the aid of counsel, and his plea of guilty was not freely and voluntarily entered in that it was made only after threats by the county attorney that if he did not plead guilty he would receive a sentence of life imprisonment.

To the petition the attorney general has made response, denying generally the allegations of the petition. Specifically, he denies the court was without jurisdiction to enter the judgment and sentence. He affirmatively alleges the petitioner was advised of his constitutional rights to aid of counsel and trial by jury, both of which petitioner waived. He attaches to the response the trial court minutes, judgment and sentence, both of which support the allegation of waiver of counsel and trial by jury by the petitioner. He further attaches proof from the Oklahoma State Penitentiary that the petitioner was not ignorant of such proceedings, but was experienced therein, he having been twice convicted prior to the case herein complained of.

In said response it is further made to appear by the affidavit of Hon. Paul Gotcher that he, Gotcher, prosecuted the petitioner in said case and that at no time was the petitioner ever subjected to threats, promises, or inducements by him or any other county authority as a means of obtaining his plea of guilty, but to the contrary, the petitioner entered his plea of guilty freely and voluntarily and without persuasion.

Under the facts thus presented the petition fails for want of proof to sustain its allegations. The information being sufficient to state the charge of robbery with firearms, was sufficient to vest jurisdiction in the trial court to proceed, and nothing transpired to cause the trial court to lose jurisdiction. The judgment and sen-

**232**

tence was less than the maximum as provided by statute, 21 O.S.1951 § 801, and the same is in all respects valid. In re Eidenmueller, Okl.Cr., 341 P.2d 920.

The petition for habeas corpus is accordingly denied.

POWELL, P. J., and NIX, J., concur.