In the Matter of the Habeas Corpus of Billy Joe KUNKEL, Petitioner,

v.

R. R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

No. A–12906.

Court of Criminal Appeals of Oklahoma.

June 8, 1960.

Billy Joe Kunkel, petitioner, pro se.

Mac Q. Williams, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is a petition for a writ of habeas corpus filed by Billy Joe Kunkel, petitioner, wherein he complains that he is being unlawfully restrained of his liberty by R. R. Raines, warden of the Oklahoma State penitentiary.

The cause of his restraint is a certain judgment and sentence of 50 years on a plea of guilty entered by Honorable E. G. Carrol, judge of the District Court of Muskogee County, Oklahoma on the 2nd day of July, 1954, on a charge of robbery with firearms. The petitioner complains that he was found guilty on a plea of guilty to a charge of robbery with firearms as a second and subsequent offender. T. 21, Sec. 51, O.S.A.1951.

The gist of his petition is that the habitual criminal statute authorizing punishment for subsequent conviction (T. 21 O.S.A. 51, 1951) should not be used by the prosecution in capital felonies because there can be no cumulative punishment in a capital case. Such has been held to be the rule in capital cases where the punishment can be only life imprisonment and death, but the contrary has been held to apply to felonies involving robbery with firearms etc., although classified as capital penalties since the death penalty may be invoked but in which cases a lesser penalty of a comparatively short term of imprisonment in the penitentiary may be imposed. Sheppard v. State, Okl.Cr., 269 P.2d 791; Salisbury v. State, 80 Okl.Cr. 13, 156 P.2d 149, 151, it is held:

"Under habitual criminal statute, 21 O.S.1941 § 51, where the subsequent conviction is for the crime of robbery with firearms, the minimum punishment which may be assessed upon conviction is any term in the State Penitentiary not less than 10 years."

It thus clearly appears that under the foregoing authorities the trial court had jurisdiction of the subject matter, of the person, and authority to pronounce the judgment and sentence rendered in the case presented before Judge Carrol and the defendant was not thus denied "due process of law" as alleged in his petition. Application of Kunkel, Okl.Cr., 347 P.2d 230; In re Eidenmueller, Okl.Cr., 341 P.2d 920. The petition is accordingly dismissed.

POWELL, P. J., and NIX, J., concur.