Robert FARMER, Petitioner,

v.

Robert R. RAINES, Respondent.

No. A–13061.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1961.

Robert Farmer, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

Petitioner, Robert Farmer is currently imprisoned in the State Penitentiary at McAlester by virtue of a judgment and sentence rendered in the District Court of Grady County on December 5, 1960, wherein he was charged by information with the crime of forgery in the second degree, and upon his plea of guilty to said charge petitioner received a sentence of four years in the State Penitentiary.

Petitioner contends that by reason of the failure of the court appointed counsel to appeal from said judgment of conviction to the Court of Criminal Appeals that his Constitutional rights were violated.

■■ The minutes of the trial court reflect that on November, 23, 1961, petitioner entered a plea of not guilty and requested that the court appoint an attorney to represent him and that thereafter on December 5, 1961, petitioner appeared in open court with court appointed counsel Wilson Smithen, withdrew his plea of not guilty and entered a plea of guilty and was sentenced to the State Penitentiary for a term of 4 years, The petitioner does not allege that he ever requested that an appeal be perfected, nor does he assert that the court appointed attorney was incompetent. It is our considered opinion that the petitioner has failed to allege sufficient facts to establish his right to the relief requested. We have carefully considered the information, minutes, judgment and sentence attached to the petition and find that the court had jurisdiction of the subject matter, of the per-

son, and jurisdiction to pronounce the particular sentence imposed. Where it affirmatively appears that judgment and sentence is valid because the trial court has jurisdiction of the subject matter, person of the petitioner, and authority under law to render judgment and sentence imposed and that the trial court did not deny petitioner his fundamental rights, habeas corpus will be denied. In re Eidenmueller, Okl.Cr., 341 P.2d 920. This being true the writ is hereby denied.

NIX, P. J., and BRETT, J., concur.