Richard D. BINKLEY, Petitioner,

v.

Robert R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

No. A–13127.

Court of Criminal Appeals of Oklahoma.

March 14, 1962.

Richard D. Binkley, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

Richard D. Binkley has filed his petition herein for writ of habeas corpus without the benefit of counsel. He states:

"That at the October, 1960 term of the district court of Okmulgee County, Oklahoma, a judgment and sentence of two (2) years confinement in the state penitentiary was exacted upon entry of a plea of guilty in the disposition of a certain charge then pending styled burglary, second degree, * * * and petitioner avers that later and after the entry of the above-described procedure, sentence was suspended and after this and still later, suspended sentence was revoked and a commitment was issued for confinement of petitioner for a period of three (3) years," etc.

The prayer is as follows:

"Wherefore, petitioner * * * prays * * * that just cause may be found to reverse, set aside, and hold for naught, and that judgment and sentence may be modified to comply with original judgment and sentence, and for such other and further relief as to this honorable court may seem just and proper."

The petitioner failed to attach a copy of the judgment and sentence, and it has repeatedly been held by this Court that where an inmate of the penitentiary wishes to challenge the judgment and sentence, he should attach to his petition a certified copy of the information, judgment and sentence. In re Richardson, Okl.Cr., 283 P.2d 855; In re Gower, 92 Okl.Cr. 315, 223 P.2d 154, and cases cited.

However, answering the rule to show cause on behalf of the Warden, the Attorney General attaches to his response photostatic copies of the judgment and sentence, a parole agreement signed by the petitioner, and the order revoking suspension of the order.

The photostatic copy of the judgment and sentence, dated October 12, 1960, shows that this petitioner waived counsel in open court; and that a charge of first degree burglary was reduced to the crime of second degree burglary, and defendant having entered a plea of guilty to such charge, was sentenced to three (3) years in the state penitentiary; and said judgment and sentence contained the following:

"It is the further order of the Court that said judgment and sentence be and the same is hereby suspended pending said defendant's compliance with the terms and provisions set out in the attached parole conditions, which is made a part hereof."

The parole agreement, signed by the petitioner, reads:

"This is to certify that on the 12th day of October, 1960 I was charged in the district court under a charge of second degree burglary; that I appeared before the court who fully explained all my rights to me which I thoroughly understood, after which I voluntarily, without any threats or coercion from anyone either before or at the time, entered my plea of guilty.

"That I was sentenced to serve three (3) years in the state penitentiary at McAlester, Oklahoma, and that said sentence was suspended under the following terms and conditions, to-wit:

"That I am to conduct myself at all times as a law abiding citizen and will not associate with disreputable characters and will obey all the laws; that on the first day of each month I am to report by letter to the county attorney of Okmulgee County, Oklahoma, stating my address, whether employed, unemployed or going to school; if I have been guilty of violating any city or state law and that this letter is to be certified

by some city or county peace officer where I am living.

"That I fully understand the terms of my suspended sentence and will comply with the same realizing that if I fail to do so, that said suspended sentence will be revoked.

"Dated this 12 day of October, 1960.

/s/ Richard D. Binkley."

A photostatic copy of the order revoking suspension of the order, dated October 20, 1960, recites that the petitioner herein was personally present in the court at the hearing on the application of the county attorney praying for an order of revocation of the suspended sentence, having been served with a copy of said application for revocation; and further reciting that the defendant had violated the terms and conditions of said suspension, had not been gainfully employed; that said defendant had been apprehended by the Okmulgee police department as a public drunk and disturbing the peace, and the order suspending the sentence of three years rendered in said cause was, accordingly, revoked, and the sheriff of Okmulgee County was directed to deliver the defendant to the warden of the penitentiary.

 The petitioner's remedy, if any, as against the original judgment and sentence, was by appeal, and not by habeas corpus. We have often said that habeas corpus is not available as a substitute for an appeal. In re Maynard, 79 Okl.Cr. 215, 153 P.2d 505; Ex parte Boyd, Okl.Cr., 302 P.2d 494.

It would appear that the only question here involved is whether petitioner was originally sentenced to serve two years in the state penitentiary, or three years.

■ Where the petitioner makes an unverified statement of a matter, which is in conflict with the records of the trial court, this Court must take the record as it has been made, and the statement in the judgment and sentence, as well as in the suspension agreement and the order revoking suspension order, that the defendant in the case was sentenced to three years in the penitentiary, is conclusive on this Court.

■ This Court has held that the question of whether a sentence is excessive is a matter to be considered only on appeal, and can not be inquired into on habeas corpus. Ex parte Boots, 81 Okl.Cr. 293, 163 P.2d 856, and many other cases.

For the reasons above set out, the petition for writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.