Allen L. DRY, Jr., Petitioner,

v.

R. R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

No. A–13303.

Court of Criminal Appeals of Oklahoma.
Dec. 19, 1962.

Allen L. Dry, Jr., Petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for the State.

BUSSEY, Judge.

Original proceeding in which the petitioner, Allen L. Dry, Jr., seeks a Writ of Habeas Corpus, granting his release from the State Penitentiary at McAlester, Oklahoma.

Petitioner was charged with the Crime of Murder, tried and convicted of Manslaughter, 1st Degree and was sentenced to a term of Twenty (20) Years in the State Penitentiary by the District Court of Pushmataha County, Oklahoma (Case #1843); said judgment and sentence being rendered on the 29th day of May, 1952.

Petitioner alleges in his petition that: "(he) was subjected to prejudicial and inflammatory statements by the prosecution that deprived him of 'due process of law' and subsequently deprived the Court of jurisdiction and the authority to pronounce judgment and sentence." There is no supporting record to show the above allegation to be true.

Petitioner is attempting to resort to Habeas Corpus as a substitute for an appeal. "The petitioner's remedy, if any, as against the original judgment and sentence was by appeal, and not by habeas corpus. We have often said that habeas corpus is not available as a substitute for an appeal. In re Maynard, 79 Okl.Cr. 215, 153 P.2d 505; Ex parte Boyd, Okl.Cr., 302 P.2d 494." Binkley v. Raines, Okl.Cr., 370 P.2d 575, 577), "but is limited to jurisdictional matters growing out of lack of jurisdiction of trial court or loss thereof." (Dewolf v. State, 96 Okl.Cr. 382, 256 P.2d 191; People v. Williams, 33 Cal.App.2d 208, 283 P.2d 760; Ex parte Tommy Brewster, 284 P.2d 755; Ex parte Young, Okl.Cr., 325 P.2d 85.)

It is also noted that the time for appeal from the judgment and sentence rendered in the instant case has long since expired. "Title 22 Okl.St.Ann. § 1054 [in effect at the time judgment and sentence was rendered against petitioner] providing that an appeal in a felony case must be taken within six months after judgment is mandatory, and the Court of Criminal Appeals cannot entertain an appeal not perfected within such time." (Citations omitted)

In view of the authorities above cited, this Court is without jurisdiction to consider this petition either as a Writ of Habeas Corpus or as an appeal.

The application of Allen L. Dry, Jr. #53577 Oklahoma State Penitentiary, Petitioner, for a Writ of Habeas Corpus is denied.

NIX, P. J., and BRETT, J., concur.