Ottie Ray SIDES, Petitioner,

v.

The STATE of Oklahoma, and the District Court of Oklahoma County, Oklahoma, Respondents.

No. A–13386.

Court of Criminal Appeals of Oklahoma.

July 31, 1963.

**412**

Ottie Ray Sides, pro se.

Charles Nesbitt, Atty. Gen., James H. Harrod, County Atty., John M. Amick, Asst. County Atty., for respondents.

BUSSEY, Presiding Judge.

On the 3rd day of June, 1963, the petitioner herein filed with this Court a Petition for Writ of Mandamus, together with a Motion to Proceed in Forma Pauperis, asking that the Court of Criminal Appeals issue an order directing the preparation of a transcript in Cases #27390 and 27136 at the expense of Oklahoma County.

From the records before this Court, the response of the County Attorney of Oklahoma County and the Petition of the accused, it appears that petitioner was charged with the crimes of Burglary in the Second Decree and Forgery in the Second Degree in the District Court of Oklahoma County. Trial was held on the Burglary Charge on January 15, 1963, and at the close of the evidence and upon advise of his counsel, petitioner elected to plead guilty. Sentence of five years in the Oklahoma State Penitentiary was rendered on January 18, 1962. Thereafter, on January 29, 1962, petitioner pleaded guilty to the charge of Forgery in the Second Degree and was sentenced to one year, said sentence to run consecutively with the first sentence imposed.

Although the petitioner is entitled "Petition for Writ of Mandamus", a careful reading of same leads the Court to believe that petitioner in reality is seeking relief in the form of habeas corpus.

Petitioner alleges that the sentence imposed is excessive and asks the Court for a reduction of the same. He further alleges that his constitutional rights were repeatedly violated during the course of the trial and that the evidence was wholly insufficient for conviction.

A writ of mandamus is not the proper mode nor remedy for a reduction of sentence rendered by the lower court; nor, can this Court modify a judgment and sentence of a lower court except on appeal in which a transcript or casemade of the trial proceedings is filed. (Citations Omitted)

It is noted that petitioner upon advice of his counsel, plead guilty on both charges, and was sentenced on January 18 and January 29, 1962, more than three months prior to his application for Mandamus.

"Title 22 Okl.St.Ann. § 1054, as amended in 1961, providing that an appeal in a felony case must be taken within three months after judgment is mandatory, and the Court of Criminal Appeals cannot entertain an appeal not perfected within such time." (Citations Omitted)

Further,

"An application for Writ of Mandamus requiring a district court to furnish a casemade where judgment and sentence in a felony case was entered more than three months prior to filing of such application will be denied." Harrison v. State, Okl.Cr., 373 P.2d 1020.

As to petitioner's allegations, which seem to suggest that his petition might be treated as a petition for a writ of habeas corpus, this Court is without jurisdiction to grant relief as prayed. No copy of the judgment and sentence, the information or the minutes of the Court are attached. As, was held in In re Watson, Okl.Cr., 297 P.2d 569:

" * * * [W]here there is no certified copy of the judgment and sentence of the lower court attached to the petition, the petition is insufficient to question the validity of the commitment by which, the person is incarcerated in the penitentiary. In re Richardson, Okl. Cr., 283 P.2d 855."

In view of the record before us, and the authorities cited herein, we are of the opinion that the time for appeal under our statutes has lapsed; that we are without authority of law to modify the sentence rendered; and, further, that a transcript of

the proceedings of the trial court is not necessary for filing a Writ of Habeas Corpus. Therefore, the Writ of Mandamus is denied.

Writ denied.

NIX and JOHNSON, JJ., concur.