GERMÁN GONZÁLEZ DE JESÚS, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN OF THE STATE PENITEN-TIARY OF PUERTO RICO, Respondent and Appellee.

No. AP-63-22.     Decided February 10, 1964.

*Raúl Torres González,* counsel designated by the Supreme Court to give legal assistance on appeal. *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Appellant was charged with a subsequent offense of burglary in the first degree. At the trial he appeared personally and through counsel and pleaded guilty. The court sentenced him to serve from 10 to 12 years' imprisonment in the penitentiary. Subsequently defendant filed in the same Part of the Superior Court a petition for habeas corpus alleging that the sentence imposed was contrary to law because the former offense committed by him had been a misdemeanor. The court granted the petition and ordered that a new sentence be passed. On March 7, 1960, defendant having appeared person-

ally and assisted by counsel, the court rendered another judgment. In its new judgment the court stated as follows:

"Defendant was advised of the nature of the charge against him, of his plea of guilty, of his waiver of the jury as well as of the judgment of conviction rendered by the court on the said day of September 6, 1957, and after he was asked whether he had any legal objection to the rendition of judgment and answered that he had none, the court proceeds to render the same and accordingly sentences the defendant to serve from 6 to 14 years in the penitentiary, at hard labor, without costs."

On March 20, 1960, defendant filed another petition for habeas corpus which, after the writ was issued, was denied on May 20, 1963 by a superior judge other than that who had intervened in the former petition and in the aforementioned two judgments.

On appeal he maintains that the sentence imposed is void and that the court erred in denying the second petition for habeas corpus without holding a hearing. He states in the prayer that "in view of the fact that petitioner's primary interest is the challenge of the sentence imposed, [he requests] that the Hon. Court proceed to render the judgment which should have been rendered by the Hon. Superior Court . . . reducing the same to the lowest possible minimum under the Indeterminate Sentences Act."

■ ■ Appellant argues both errors jointly and we shall do likewise. There is no question that the court could correct its judgment or render a new one. The offense for which appellant was convicted—burglary in the first degree—carries a penalty of from 1 to 15 years in the penitentiary. Section 410 of the Penal Code, 33 L.P.R.A. § 1593. On the first occasion the judge imposed a penalty of from 10 to 12 years in the belief that the offense was subsequent and, therefore, that the minimum penalty was 10 years. This question having been raised by appellant, and the judge, finding that the offense was not subsequent, proceeded to correct the errone-

ous sentence and to render a correct one. Since the sentence in question is indeterminate, the judge, in passing new sentence, reduced the minimum from 10 years to 6 years and increased the maximum from 12 to 14. The corrected sentence is valid, since it is within the minimum and maximum limits provided by law which as we said are 1 and 15 years. It is clear that an erroneous judgment may be corrected by the courts. *People* v. *Lozano Díaz*, 88 P.R.R. 817 (1963); *People* v. *García*, 83 P.R.R. 414 (1961); *Bozza* v. *United States*, 330 U.S. 160 (1947); *In re Bonner*, 151 U.S. 242 (1894); *Reyes* v. *United States*, 262 F.2d 801 (1959); *Enzor* v. *United States*, 262 F.2d 172 (1958); *Mathes* v. *United States*, 254 F.2d 938 (1958); *Hayes* v. *United States*, 249 F.2d 516 (1957), *cert. denied*, 356 U.S. 914 (1957).

It has to be so since an erroneous sentence is an illegal sentence and the judges, like all other citizens, cannot act in violation of the law. Likewise, the law cannot sustain that a judgment is at the same time void and valid: void for the purposes of nonexecution, but valid for the purpose of escaping another sentence. As stated by the Supreme Court of the United States, citing with approval the Supreme Court of Pennsylvania:

". . . The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence. If this court sanctioned such a rule, it would fail to perform the chief duty for which it was established." *In re Bonner, supra.*

Indeed, our own law in Puerto Rico should not be less rational.

■ As we stated in *People* v. *Lozano Díaz, supra,* citing the Supreme Court of the United States: The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the pris-

oner. No one should any longer take seriously what the jurists have termed "the sporting theory of justice."[1] "This Court," the Supreme Court of the United States has said, "has rejected 'the doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence'." *Bozza* v. *United States, supra* at 166.

■ Having examined the validity of the judgment, we conclude that the court which denied the second writ of habeas corpus did not err. It has been held that such writ is one of right but not of course. *State ex rel. Fife* v. *Tahash,* 111 N.W.2d 619 (1961); *Shamel* v. *Belinson,* 147 N.E.2d 99 (1958); *Wojculewicz* v. *Cummings,* 124 A.2d 886 (1956); *Engels* v. *Amrine,* 125 P.2d 379 (1942); *Ex parte Fontenbury,* 101 P.2d 105 (1940); *Ex parte Tremper,* 8 A.2d 279 (1939), *aff'd,* 19 A.2d 342 (1941); *Ex parte Lynch,* 18 F.Supp. 673 (1937); *Ex parte Tuvell,* 256 S.W. 463 (1923); Ferris, Extraordinary Legal Remedies 25 (1926). The granting thereof is not a ministerial act; it does not lie where nothing is accomplished, nor where its issuance does not serve a practical purpose, *Merced* v. *Delgado, Warden,* 88 P.R.R. 467 (1963); *In re Lincoln,* 202 U.S. 178 (1906); *Commonwealth ex rel. Holly* v. *Claudy,* 90 A.2d 253 (1952); *Allison* v. *Baker,* 11 So.2d 578 (1943); *Adams* v. *Ryan,* 136 F.2d 998 (1943); *Ex parte Russell,* 3 P.2d 248 (1931); *Ex parte Bernardie,* 281 S.W. 212 (1926); *Ex parte Adams,* 227 Pac. 844 (1924); *Ex parte Miller,* 225 Pac. 429 (1924); *Coleman* v. *Grimes,* 115 S.E. 641 (1923); *Ex parte Popinoch,* 136 N.E. 823 (1922); *Ex parte Pelinski,* 213 S.W. 809 (1919); *State ex rel. Barker* v. *Wuderman,* 163 S.W. 849 (1914); *State ex rel. Walker* v. *Dobson,* 36 S.W. 238 (1896).

---

[1] V Pound, Jurisprudence 564 (1959); VI Wigmore, Evidence 374 (3d ed. 1940). For a modern and realistic criticism of the judicial process, see Puig Brutau, *La Jurisprudencia como Fuente del Derecho* 56–77.

■ Petitioner invokes the rule laid down in *People* v. *Laureano*, 34 P.R.R. 203 (1925), and which we have followed in *People* v. *Liceaga*, 36 P.R.R. 403 (1927), and in *Miranda Colón* v. *Superior Court*, 88 P.R.R. 292 (1963). In *People* v. *Laureano, supra*, we said that the imposition of the maximum penalty is not justified if defendant pleads guilty and there are no aggravating circumstances. The rationale of that rule was stated in *People* v. *Liceaga, supra*, where we said at p. 405 the following:

". . . A defendant who pleads guilty accepts the full responsibility of his acts and this acceptance always uplifts and dignifies human personality. There is a marked difference between the guilty person who without obstructing the administration of justice acknowledges his fault or offense, obeys the law and pays the penalty, and the one who uses all the technical resources and takes advantage of all imaginable circumstances and very often does not hesitate to commit new crimes such as false evidence, bribes . . . in order to elude compliance with the law and escape punishment."

That rule, like any rule of law, is not to be mechanically applied. It must conform to the facts of each case. In the exercise of his discretion the trial judge is bound to determine the sentence, provided such sentence comes within the limits fixed by law and excepting the unusual case of abuse of discretion, in which case he could contravene the rule laid down in *Liceaga, supra*. In *Liceaga* we already said at p. 405 that that rule "is not opposed to the principle of the discretion allowed the judges in the imposition of penalties within the limits set by the law." Thus, for example, in *People* v. *Colón*, 51 P.R.R. 396 (1937), we held that the *Laureano* rule is not mandatory where the district attorney reduces the degree of the offense charged and defendant pleads guilty. In *People* v. *Fernández*, 50 P.R.R. 854 (1937), we did not apply the rule either where the defendant pleaded guilty of an offense lower than that charged. In *People* v. *Peña*, 50 P.R.R. 822 (1937), we did not apply the rule either where defendant

pleaded guilty of carrying weapons and he was also charged with murder.

■ In the instant case the application of the *Laureano* rule was not mandatory either. The judge, in the exercise of his discretion, could have given weight to the fact that defendant, in addition to the conviction for burglary in the first degree which gave rise to this petition, had been convicted of petit larceny and also of malicious mischief. The *Laureano* rule, *supra*, was not therefore strictly applicable in this case. For this reason the judgment challenged is not contrary to law. The judgment appealed from will be affirmed.