**Lowry Newton KLINK, Appellant,**

v.

**C. H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 5997.**

United States Court of Appeals
Tenth Circuit.

Nov. 28, 1958.

Charles E. Wright, Denver, Colo., for appellant.

E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan. (Wilbur G. Leonard, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

PER CURIAM.

Klink is confined in the United States Penitentiary at Leavenworth, Kansas, on a sentence imposed for violation of the Dyer Act, 18 U.S.C.A. § 2312.

Prior to February 25, 1958, Klink forwarded to the Clerk of the United States Court of Appeals for the Tenth Circuit a document entitled "Petition for a Writ of Habeas Corpus," addressed to the Presiding Judge of the United States Court

---

of Appeals for the Tenth Circuit. On that date Chief Judge Bratton entered an order transferring the cause for hearing and determination by the United States District Court for the District of Kansas, pursuant to 28 U.S.C.A. § 2241. On March 14, 1958, the United States District Court for the District of Kansas [1] entered an order denying Klink's application to prosecute the action without prepayment of costs. On April 24, 1958, Klink lodged with the Clerk of the District Court a motion to appeal in forma pauperis from the last-mentioned order. As grounds for his application Klink alleged that the order of the District Court denying him the right to prosecute his application for the writ in forma pauperis violated the Seventh Amendment to the Constitution of the United States, guaranteeing him the right of trial by jury, and Section 9, Clause 2 of Article 1 of the United States Constitution, which provides that the privilege of the writ of habeas corpus shall not be suspended, unless, in cases of rebellion or invasion the public safety may require it.

On April 30, 1958, the District Court entered its order denying Klink's application to appeal in forma pauperis, setting forth in its order the fact that the grounds set up by Klink in his application for the writ of habeas corpus were predicated upon errors alleged to have been committed by the sentencing court at his trial and that Klink had not applied for relief by motion under 28 U.S.C.A. § 2255, or set up any facts showing that the remedy provided by such § 2255 was inadequate or ineffective to test the legality of his detention.

On June 24, 1958, Klink filed his application in this court for leave to prosecute in forma pauperis his appeal from the order of March 14, 1958.

On June 24, 1958, this court entered an order appointing William L. Rees, attorney at law of Topeka, Kansas, to represent Klink in connection with his application for leave to prosecute his appeal in this court in forma pauperis. Thereafter, Rees filed a memorandum brief in support of Klink's application.[2] On September 11, 1958, this court entered an order granting leave to Klink to prosecute in forma pauperis his appeal in this court from the order of March 14, 1958. It further ordered that the case be heard on the original files and typewritten copies of his brief and directed the Clerk of the District Court to forward to this court the original files in the case of Lowry Newton Klink v. C. H. Looney, Warden No. 2560 H.C. The Clerk of the District Court has complied with that direction and the matter has been submitted to this court. This court appointed counsel to represent Klink on his appeal in this court.

If Klink's application for the writ of habeas corpus be given a most liberal construction, these alleged facts may be gleaned therefrom:

On or about August 25, 1957, City Officers of the City of Portland, Oregon arrested Klink and placed him in the City Jail. While in the custody of the said officers he was given an opportunity to make "a statement or suffer other unreasonable punishment." He was held incommunicado in the City Jail for a period of 12 days. He was then arrested by a United States Marshal and taken before a United States Commissioner.[3] The Commissioner fixed bond and bound him over to the United States District Court. He was then taken before the United District Court "for a plea." He was asked if he desired an attorney. Klink stated that he requested the United States Marshal to permit him to call an attorney; that no pay telephone was available, and that the Marshal refused to let him place a telephone call at Gov-

1. Hereinafter called the District Court.

2. See Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593; Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060.

3. While not entirely clear, it is fairly inferable that the complaint was filed in the United States District Court for the District of Minnesota.

ernment expense. Klink then stated in the presence of the Marshal and the United States Attorney that he would plead not guilty. Klink was then taken before a judge of the United States District Court for the District of Oregon on a removal procedure. An order was entered by the Oregon District Court directing his removal to St. Paul, Minnesota. He was then transported to St. Paul and taken before a judge of the United States District Court for the District of Minnesota[4] "for a plea in this case." No indictment had yet been returned against him, but the judge advised him that he would be held on "the information and a warrant." The judge denied him the right to conduct his own defense at the time he was called on to enter a plea. Klink requested permission to appear before the Grand Jury and his request was refused.

About a week later he was interviewed by two Federal Agents in the County Jail at St. Paul and was "persuaded to plead guilty or suffer other unreasonable punishment in the case." Thereafter, he pleaded guilty to a violation of the Dyer Act. Sentence was imposed on November 28, 1957. He thereupon filed a "Petition for a Writ of Habeas Corpus" in the sentencing court, which was denied for the reason it was not prosecuted in good faith. He then delivered to the head jailer in the Ramsey County Jail at St. Paul a second petition for a writ of habeas corpus and such petition "was never heard, returned or denied, as far as petitioner knows." In his brief Klink asserted that he was convicted for transporting a rented automobile and that the transportation did not constitute a Federal offense and that he was sentenced for an offense other than the one with which he was charged.

There is no allegation that any of the things that occurred while he was incarcerated in Portland were in anywise used against him after he was removed to St. Paul.

Assuming, without deciding, that in the removal proceedings there was not a complete compliance with Rule 40 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., it is well settled that the jurisdiction of the court in which an indictment is found is not impaired by the manner in which the accused is brought before it. The fact that the arrest was unlawful or the removal proceedings illegal would not affect such jurisdiction.[5]

28 U.S.C.A. § 2255 affords a complete remedy for all of the matters raised by Klink in his application for the writ of habeas corpus. There is no showing by direct or indirect allegation that he has ever filed in the sentencing court a motion under § 2255 to vacate, set aside or correct the sentence imposed upon him. Neither has he alleged directly or indirectly any facts showing that the remedy afforded by a motion under § 2255 is inadequate or ineffective to test the legality of his detention.

It follows that the trial court was precluded, under the express provisions of § 2255, from entertaining his application for the writ and that such application was without merit. Hence, his appeal from the order denying him leave to prosecute his application for the writ in forma pauperis is likewise without merit and is, in fact, frivolous.

Affirmed.

---

4. Hereinafter called the sentencing court.

5. Whitney v. Zerbst, 10 Cir., 62 F.2d 970, 971; Mahon v. Justice, 127 U.S. 700, 708, 8 S.Ct. 1204, 32 L.Ed. 283; In re

Johnson, 167 U.S. 120, 125, 17 S.Ct. 735, 42 L.Ed. 103; Pettibone v. Nichols, 203 U.S. 192, 213–215, 27 S.Ct. 111, 51 L.Ed. 148.