Calvin W. HARVEY, Petitioner,

v.

Robert R. RAINES, Warden Oklahoma State Penitentiary, Respondent.

No. A–13090.

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1962.

Calvin W. Harvey, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is an original petition in habeas corpus brought by petitioner, wherein he alleges that he is being illegally restrained of his liberty by Robert R. Raines, Warden of the state penitentiary. The cause of said restraint he alleges is a judgment rendered against him in the district court of Beaver county wherein petitioner plead guilty to the crime of passing false and bogus instruments.

From the transcript of the record it appears that petitioner was charged by information that on the 9th day of April 1961 petitioner did commit the crime of obtaining property by means and use of a false and bogus check in the manner and form as follows, to-wit:

"* * * that is to say, the said defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being did then and there wilfully, unlawfully and feloniously with intent to cheat, wrong and defraud, obtain from Dr. J. J. Tretbar, grain of the value of $901.05, good and lawful money of the United States of America, by means of a certain false and bogus check. * * *"

The transcript of testimony taken before the trial judge showed that petitioner appeared on July 26, 1960 and was appraised of his right to counsel, his right to 24 hours to plead, etc. Petitioner, after asking for the right to talk to the county attorney, asked for additional time in which to plead. Additional time was granted and petitioner again appeared before the trial judge on August 9, 1960 with counsel. Counsel was asked if petitioner was ready to plead and the petitioner's attorney stated he was, whereupon being asked how he pleaded petitioner answered "yes".

Petitioner contends that he was held in jail from July 13, 1960 until July 19, 1960 without being charged, and was denied the right to use the telephone, and further that because of lack of knowledge of the law the court permitted him to be taken advantage of and therefore denied due process.

The transcript of the record does not bear out petitioner's contention. He was represented by counsel and was advised of his constitutional rights. He was a man 35 years of age and according to the statements made by the trial judge, this was not his first experience with law violation.

This court has often said that where the trial court has jurisdiction of the person, the subject matter and the right to pronounce the judgment and sentence, relief cannot be obtained by habeas corpus.

Defendant did not appeal his case but evidently attempted to use the writ of habeas corpus as a substitute for

appeal. The errors complained of ordinarily would be matters to be determined on appeal. However, the record shows that the questions involved were not raised before defendant entered his plea. This court said in the case of Ex parte Simmons, 96 Okl.Cr. 279, 252 P.2d 935, 936:

"In habeas corpus proceedings the writ cannot be invoked for the purpose of reviewing the acts of courts of record, where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal."

A review of the testimony as reported in the transcript renders petitioner's application for a writ without merit.

The writ is therefore denied.