**Glenn Stanley ROBINSON, Petitioner,**

v.

**The STATE of Oklahoma and Ray H. Page, Warden, Oklahoma State Penitentiary, Respondents.**

**No. A–13552.**

Court of Criminal Appeals of Oklahoma.

Nov. 4, 1964.

Glenn Stanley Robinson, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

NIX, Judge.

This is an original proceeding filed by petitioner, Glenn Stanley Robinson, for a Writ of Habeas Corpus seeking his release from the Oklahoma State Penitentiary.

Petitioner was convicted in the District Court of Caddo County under judgments in three cases, #3550, #3551, and #3552. He alleges the judgment and sentence are invalid because he was tried by a jury, and the judgment states he plead guilty.

■ The State of Oklahoma has furnished the Court with a transcript of the proceedings held in the judge's chambers on February 11, 1964, as follows:

"The above styled and numbered cause came on for hearing before a jury on the 11th day of February, 1964, the Honorable L. A. Wood, District Judge presiding, the State of Oklahoma being represented by Mr. Virgil Upchurch, County Attorney of Caddo County, Oklahoma, the defendant appearing in person, and being represented by his attorney, Mr. Oris L. Barney, of Anadarko, Oklahoma.

"The trial of said case was completed, and at 4:15 p. m. of the 11th day of February, 1964, the jury returned into open court its verdict as follows:

" 'We, the jury empaneled and sworn to try the issues in the above entitled cause, do, upon our oaths, find the

defendant, Glenn Stanley Robinson, guilty as charged in the Information for the crime of uttering a forged instrument.

" '/s/ G. D. Petty, Foreman.'

"Thereafter, the jury was by the Court polled as to the correctness of their verdict and each juror answered in the affirmative.

"Thereafter, and on the same day and immediately after the jury had returned its verdict the following proceedings were had and record made in the chambers of the court, District Judge L. A. Wood, presiding, the State of Oklahoma being represented by Mr. Virgil Upchurch, the defendant appearing in person and by his attorney, Mr. Oris L. Barney, together with the court reporter who made the following record:

"JUDGE WOOD: Mr. Robinson, there are three cases, case Number #3550, '51 and '52. This is 3551. Do you wish to enter your plea of guilty in 3551 at this time?

"MR. ROBINSON: Yes, sir.

"JUDGE WOOD: In #3550 how do you plead in that case?

"MR. ROBINSON: I am guilty like I said before.

"JUDGE WOOD: In #3552, how do you plead in that case?

"MR. ROBINSON: Guilty.

"JUDGE WOOD: Then I will set Friday at ten o'clock for formal sentencing."

The petitioner did have a trial by jury in case #3551, and upon being found guilty, immediately changed his plea to Guilty in that case and the two other cases pending.

It is further apparent from the record that the petitioner had legal counsel.

█ This Court has consistently held, as in the case of Harvey v. Raines, Okl.Cr., 368 P.2d 258:

"Where the judgment is valid on its face and the record indicates that the trial court had jurisdiction of the per-

son of the subject matter and jurisdiction and authority to pronounce the judgment and sentence, relief may not be obtained by means of the writ of habeas corpus."

The writ is accordingly denied.

JOHNSON, P. J, and BUSSEY, J., concur.