Appeal of Gary M. SCOBIE.

No. A–13667.

Court of Criminal Appeals of Oklahoma.

June 10, 1965.

Charles L. Owens, Tulsa, for the State.

BUSSEY, Presiding Judge.

On the 1st day of April, 1965, the State of Oklahoma by and through its Attorney General filed a petition in this Court seeking the appointment of counsel for one Gary M. Scobie, who is currently incarcerated in the State Penitentiary by virtue of a judgment and sentence rendered against him in the District Court of Tulsa County, Case No. 19,941. Said petition further praying that this Court judicially review the trial proceedings giving rise to the judgment and sentence rendered in that case, notwithstanding the fact that the statutory time within which said appeal was authorized by statute has expired.

The undisputed facts giving rise to this unusual request are that Gary M. Scobie was charged, tried and convicted in the District Court of Tulsa County, Case No. 19,941. Judgment and sentence was pronounced in accordance with the verdict of the jury on the 18th day of June, 1963, whereupon the then public defender gave notice of his intention to appeal to this Court.

On application of the public defender a casemade was granted at public expense, but no appeal was ever perfected to this Court within the time provided by law.

It further appears that Gary M. Scobie, being unable to post an appeal bond, has been incarcerated in the State Penitentiary at McAlester, Oklahoma since the rendition of judgment and sentence and has on sundry occasions corresponded with the public defender, Robert Ardis, concerning his appeal.

It appears that although the public defender assured Scobie that an appeal would be perfected, that he, Ardis, after having examined the record of the trial proceedings determined that an appeal would avail Scobie nothing. This unilateral decision on the part of the public defender was not communicated to Scobie until after the appeal time had expired.

Scobie then sought, by way of habeas corpus, to secure a judicial review of his conviction, but this request was denied for the reason stated in Scobie v. Page, Okl. Cr., 397 P.2d 520 rendered on December 2, 1964.

Since both the manner in taking appeals and the time within which they may be perfected in criminal proceedings is a matter addressed to the legislative branch of government, and since the only relief to which Scobie was entitled (a judicial review of his conviction) could not be granted by the Court in the absence of legislative action, the members of this Court unanimously endorsed Senate Bill No. 152, which was prepared with the assistance of Dr. Maurice Merrill, Research Professor of Law at the University of Oklahoma, and introduced by Hon. Finis Smith, State Senator from Tulsa County, in the 30th Oklahoma Legislature.

Senate Bill No. 152, under the sponsorship of Senator Smith and members of the Senate Judiciary Committee, passed the Senate on the 4th day of May, 1965. Thereafter, under the sponsorship of The Honorable Jerome Sullivan, Jr. of Stephens County, and the Honorable John McCune of Tulsa County, State Representatives in the 30th Oklahoma Legislature, both members of the House Judiciary Committee, Senate Bill No. 152 was passed by the House of Representatives on the 26th day of May, 1965. This bill was signed by the Governor on the 2nd day of June, 1965, the same date the petition in the above styled and numbered cause was set for argument.

Senate Bill No. 152 provides:

"AN ACT RELATING TO CRIMINAL PROCEDURE; * * *

BE IT ENACTED BY THE PEOPLE OF THE STATE OF OKLAHOMA:

SECTION 1. (a) The Court of Criminal Appeals may entertain an appeal, after the original time in which an appeal should have been perfected has expired, when the Court determines that any person confined in any penitentiary or penal institution within the State of Oklahoma has been denied any right guaranteed to him by the Constitution of the United States or the Constitution of the State of Oklahoma relating to the right to appeal.

(b) The Court of Criminal Appeals may by appropriate rules prescribe the manner in which such determination shall be made, and may direct any inferior court to conduct hearings, make findings of fact, and transmit the same to said appellate court.

(c) In the exercise of said appellate jurisdiction, the Court of Criminal Appeals may direct the preparation of a case made or transcript and the appointment of counsel, which cost shall be paid in the manner as otherwise provided by law.

Section 2. It being immediately necessary for the preservation of the public peace, health, and safety, an emergency is hereby declared to exist, by reason whereof this act shall take effect and be in full force from and after its passage and approval.

Passed the Senate the 4th day of May, 1965.

/s/ Clem McSpadden

President Pro Tempore of the Senate

Passed the House of Representatives the 26th day of May, 1965.

/s/ J. D. McCarty

Speaker of the House of Representatives

OFFICE OF THE GOVERNOR

Received by the Governor this 27th day of May, 1965, at 1:00 o'clock P.M. By /s/ Marian L. Cox

Approved by the Governor of the State of Oklahoma the 2nd day of June, 1965.

/s/ Henry Bellmon

Governor of the State of Oklahoma

OFFICE OF THE SECRETARY OF STATE

Received by the Secretary of State this 2 day of June, 1965, at 11:30 o'clock A.M. James M. Bullard By: /s/ A. Jones"

■ It appearing to the Court that Gary M. Scobie was deprived of his right to appeal by the unilateral action of the public defender, and that no effort was made by the said public defender to perfect such appeal, we are of the opinion that Gary M. Scobie is entitled to a judicial review of his conviction in District Court Case No. 19,-941 and is entitled to be represented by counsel, and that this Court is authorized under the provisions of Senate Bill No. 152 to entertain such appeal and to direct the trial court to appoint competent counsel.

It is therefore the order of this Court that the Honorable W. Lee Johnson, one of the District Judges of the 14th Judicial District, Tulsa County, shall forthwith appoint competent counsel to represent Gary M. Scobie, and direct said counsel to procure from the office of the public defender of Tulsa County the casemade of the proceedings in District Court Case No. 19,941, and to file the same with petition in error attached within fifteen (15) days from receipt of this order. Said counsel shall have thirty (30) days thereafter within which to submit briefs in support of the petition in error, and the Attorney General shall have thirty (30) days thereafter within which to file a reply brief.

The Clerk of this Court is directed to transmit a copy of this order to the Honorable W. Lee Johnson, District Judge, 14th Judicial District, Tulsa County Courthouse, Tulsa, Oklahoma.

NIX and BRETT, JJ., concur.