403 P.2d 260 (1965)
Appeal of Delmar J. GRUBBS.
No. A-13694.
Court of Criminal Appeals of Oklahoma.
June 10, 1965.
Charles L. Owens, Tulsa, for the State.
BUSSEY, Presiding Judge.
A petition has been filed on behalf of the State seeking a judicial review and appointment of counsel for one Delmar J. Grubbs, who was convicted for the offense of robbery with firearms after former conviction of a felony in the District Court of Tulsa County. Said petition further prays that this Court enter an order directing the Honorable W. Lee Johnson, one of the District Judges of the 14th Judicial District to enter an order directing the preparation of casemade in District Court Case No. 20505 at public expense. Said petition recites, that although a public defender was appointed to represent Grubbs, the public defender did not request a casemade at public expense within the time allowed by law, nor did he make any pretense at perfecting an appeal to the Court of Criminal Appeals for the reason that he, the public defender, was of the opinion that such appeal was without merit.
*261 Unquestionably, the relief prayed for can be granted under the provisions of Senate Bill No. 152, which is recited in detail in In re Appeal of Scobie, Okl.Cr., 403 P.2d 257, decided this date.
In the instant case, as in In re Scobie, supra, the full record of the undisputed facts having previously been presented to the Court, the Court deems it unnecessary to direct the trial court in which the convictions were sustained to conduct a hearing to determine whether the accused was adequately represented in perfecting his appeal since it is manifestly apparent that he was not.
An attorney appointed to represent an indigent person on appeal cannot unilaterally determine that the appeal would be fruitless and abandon said appeal without consulting the accused. Once having assumed the duty of representing an indigent person in perfecting an appeal, the attorney so appointed is bound by the code of professional ethics to diligently prosecute such appeal utilizing every honorable means at his command to present the cause of the accused.
We are of the opinion that the relief prayed for should be granted.
The Honorable W. Lee Johnson, District Judge of the 14th Judicial District is hereby directed to enter an order directing the court reporter to prepare casemade at public expense in District Court Case No. 20505 within thirty (30) days from the rendition of such order, said casemade to be settled and served in the manner provided by law.
The Honorable W. Lee Johnson is further directed to enter an order appointing counsel to represent Delmar J. Grubbs in perfecting his appeal to this Court. Said attorney shall have fifteen (15) days within which to file petition in error with casemade attached with the Clerk of this Court after the casemade has been settled and served, and shall have thirty (30) days thereafter within which to file a brief in support of the petition in error. The Attorney General of the State of Oklahoma shall have thirty (30) days thereafter within which to file a reply brief.
The Clerk of this Court is directed to transmit a copy of this order to the Honorable W. Lee Johnson, District Judge, 14th Judicial District, Tulsa County Courthouse, Tulsa, Oklahoma.
We have this date adopted Rule 25 which will be invoked in future instances where a substantial question is raised relating to the denial of a constitutional right of an indigent person in perfecting an appeal from a criminal conviction. Rule 25 provides:
(a) When any verified petition, application or pleading, relating to an appeal from a criminal conviction, is filed in the Court of Criminal Appeals asserting that any inmate of any state penal institution, county jail, or other place of confinement within the State of Oklahoma, has been denied any right guaranteed by the Constitution of the United States, or the State of Oklahoma with reference to said appeal; any Judge of the Court of Criminal Appeals may direct the trial court, in which the conviction was sustained, to subpoena witnesses and conduct a hearing relating to the issues so raised.
(b) At the conclusion of the hearing, the trial judge shall enter findings of fact, based upon the evidence adduced at such hearing, and transmit the same, together with the transcript of said proceedings, to the Court of Criminal Appeals.
(c) The trial judge may, in his discretion, if necessary to a determination of the issue so raised, enter an order directing that the inmate be returned from the place of confinement, to the jurisdiction of said court for the hearing; and may, in the discretion of the court, appoint counsel to represent said inmate.
Approved in conference this 10th day of June, 1965.
NIX, and BRETT, JJ., concur.