**Cecil B. WAGES, Petitioner,**

**v.**

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–13730.**

Court of Criminal Appeals of Oklahoma.

July 28, 1965.

---

Cecil B. Wages, McAlester, Oklahoma, pro se.

No appearance for respondent.

BUSSEY, Presiding Judge.

On the 10th day of August, 1964, complaint was filed against Cecil B. Wages charging the offense of Escape. He was represented at preliminary hearing by James E. Gotcher, and was bound over to the District Court of Pittsburg County. He was duly arraigned in the District Court of Pittsburg County before the Honorable Robert J. Bell, and after having been advised of his constitutional rights and being represented by counsel, Wages entered a plea of guilty and was by the court sentenced to serve the minimum term of imprisonment in the State Penitentiary—two (2) years.

No motion was filed to vacate the judgment and sentence rendered against him on the 10th day of September, 1964, nor was notice of intention to appeal to the Court of Criminal Appeals ever filed. It does not appear that any request was ever made for a transcript of the proceedings, or the appointment of counsel to represent Wages on appeal within the time in which an appeal could have originally been perfected to this Court. The time within which an appeal could have been perfected expired on December 10, 1964.

Thereafter, on the 8th day of July, 1965, an instrument seeking a judicial review of Wages' conviction in the District Court of Pittsburg County and his release from confinement was filed in this Court with a copy of the information and judgment and sentence of the trial court attached. It is

not clear when the copies of the information and judgment and sentence in the District Court were prepared, but it is clear that the trial judge ordered the preparation of the same at the request of Wages.

There are numerous assignments of error set forth by the petitioner in his pleadings, none of which are supported by the record.

From the record it appears that the trial court had jurisdiction of the person, subject matter and authority under law to pronounce the judgment and sentence imposed, and it further appears that the defendant was represented by competent counsel, voluntarily entered a plea of guilty after having been duly advised of his constitutional rights, and with a full knowledge of the nature and consequences of such a plea.

Under such circumstances we are of the opinion that the relief prayed for should be, and the same is hereby denied.

NIX and BRETT, JJ., concur.