Cleo PEEPLES, #48673, Petitioner,

v.

Ray PAGE, Warden, Oklahoma State Penitentiary, and The State of Oklahoma, Respondents.

No. A–13724.

Court of Criminal Appeals of Oklahoma.

Nov. 3, 1965.

Cleo Peeples, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

Cleo Peeples has filed in this Court his petition to be discharged from confinement in the State Penitentiary by writ of habeas corpus.

Petitioner files his petition without the assistance of counsel, and alleges that he is presently a prisoner in the State Penitentiary at McAlester by reason and by authority of a certain judgment and sentence entered by the district court of McIntosh County, Oklahoma, in case No. 2298, in which the defendant was convicted of the crime of rape in the first degree and sentenced to life imprisonment, said judgment and sentence having been entered on December 29, 1947.

Petitioner further alleges that he was arrested for the alleged crime on or about October 16, 1947 and on the same day was taken from Eufaula, the county seat of McIntosh County, to the Pittsburg County jail in McAlester, Oklahoma for safe keeping.

That on October 22, 1947 he was returned to Eufaula for the purpose of preliminary hearing, and thereafter was taken to the state penitentiary at McAlester for safe-keeping. That on December 29, 1947 he was returned to Eufaula for trial, and was taken back to prison on the same day, having been away from said penitentiary for less than three hours.

In his petition, petitioner alleges that he was arrested without a warrant in the middle of the night at his home where he had been asleep; that upon his arrest he was denied advice of counsel, and was threatened with violence and possible death at the hands of a purported lynch mob, and was told by the officers that they were not going to be hurt trying to protect him; and that in the face of imminent danger petitioner admitted he had attacked a woman with a butcher knife; that he repeatedly requested paper and pencil in order that he might write a friend or relative who could aid in his defense and such request was denied; that he did not have counsel to represent him at a so-called preliminary hearing and that he was never confronted with witnesses or accusers; that he was returned to Eufaula on December 29, 1947 for trial, and when asked by the trial judge how he wanted to plead, he answered, "Not guilty, Judge".

Petitioner alleges that at this time "a neatly dressed man, who had in the mean time sat down close by, stood up and said, 'he means guilty, your honor'. At this point your petitioner said, 'Your Honor, I am not guilty'. The said neatly dressed man then said, 'Your Honor, I represent this man and I plead him guilty'. At this point the Judge, over your petitioner's protest, sentenced him to life imprisonment and he was immediately returned to prison to begin this sentence."

Petitioner further states that he had never seen the man who entered the plea of guilty before that time, and has not seen him since.

Petitioner asks to be discharged by writ of habeas corpus, but his petition is

not supported by having attached thereto copy of the information, and judgment and sentence, as repeatedly required by this Court. In re Richardson, Okl.Cr., 283 P.2d 855; Ex parte Cross, Okl.Cr., 305 P.2d 1049.

This Court has consistently held, as stated in Harvey v. Raines, Okl.Cr., 368 P.2d 258:

"Writ of habeas corpus cannot be invoked for the purpose of reviewing the action of courts of record where the court acted within its jurisdiction, nor can the writ of habeas corpus be used for the purpose of correcting irregularities or errors, or as a substitute for an appeal."

And, further, in Binkley v. Raines, Okl.Cr., 370 P.2d 575, we said:

"The Court of Criminal Appeals, in habeas corpus proceeding, will not consider matters which properly should have been considered on appeal from judgment of conviction."

However, under the provisions of Senate Bill No. 152 passed by the 30th Oklahoma Legislature, and which became effective as law on June 2, 1965, this Court is granted the authority to order an evidentiary hearing in any matter where defendant may have been denied any of his constitutional or statutory rights. The Court will take notice of the fact that the petitioner herein is a negro, and that he was charged with first degree rape upon a white woman.

It appearing to the Court that there is a possibility that petitioner's rights may have been denied in the action against him, the Court finds that this petitioner is entitled to an evidentiary hearing in cause No. 2298 in the district court of McIntosh County, Oklahoma, concerning the charges set forth in the petition filed herein, and the Hon. Robert J. Bell, judge of the district court in and for McIntosh County should conduct a hearing into the charges made by this petitioner, in the manner prescribed by Rule 25 of this Court, and

make findings of fact of the issues so raised.

It is therefore the order of this Court that the said Hon. Robert J. Bell be, and he is hereby directed to conduct a hearing into the matters set forth in petitioner's application for writ of habeas corpus in the manner prescribed by Rule 25 of the Court of Criminal Appeals; make findings of fact on the issues so raised, and transmit the same with a transcript of the proceedings to the Clerk of this Court at the conclusion of such hearing.

The Clerk of this Court is directed to transmit a copy of this opinion, together with a copy of the petition for writ of habeas corpus heretofore filed herein, to the Hon. Robert J. Bell, Judge of the District Court of McIntosh County, Eufaula, Oklahoma, forthwith.

The writ of habeas corpus is denied, and evidentiary hearing is ordered.

BUSSEY, P. J., and NIX, J., concur.