Cleo PEEPLES, #48673, Petitioner,

v.

Ray PAGE, Warden, Oklahoma State Penitentiary, and The State of Oklahoma, Respondents.

No. A–13724.

Court of Criminal Appeals of Oklahoma.

Feb. 9, 1966.

889

---◆---

Cleo Peeples, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is the result of an original proceeding, wherein the petitioner, Cleo Peeples, #48673, filed his petition, pro se, for a writ of habeas corpus, seeking his release from custody in the State Penitentiary at McAlester.

This court rendered an opinion on November 3, 1965, 407 P.2d 605, which denied the writ prayed for, but exercised the authority provided the court by Senate Bill No. 152, 30th Oklahoma Legislature, and as promulgated by Rule 25 of this Court, in the proper administration of justice. That is authority to inquire into the facts of any criminal matter, after the statutory period for appeal has passed, in an effort to determine whether or not petitioner has received due process of law, as provided for in the Constitution of the United States, and the Constitution of the State of Oklahoma, and might be entitled to a "post conviction appeal."

In the opinion found in Peeples v. Page, Okl.Cr., 407 P.2d 605, this court directed the district court of McIntosh County, Oklahoma, to conduct an evidentiary hearing into the facts and circumstances surrounding the trial and conviction of petitioner, Cleo Peeples, when he was convicted for the crime of first degree rape, on December 29, 1947, in McIntosh County;

and when he was sentenced to life imprisonment in the State Penitentiary. The purpose for that hearing was to determine whether or not defendant received due process of law in that trial. The district court was directed to transmit a transcript of the proceedings to the clerk of this court, at the conclusion of such hearing.

On December 7, 1965 the Honorable Robert J. Bell, district Judge in and for McIntosh County, conducted the evidentiary hearing, and has transmitted the record of proceedings to this court.

It is observed that included with that record is the transcript of the arraignment and trial of this petitioner, properly certified by the court reporter, as it was conducted on December 29, 1947.

At the evidentiary hearing the State was represented by the County Attorney for McIntosh County, Mr. A. O. Webb. The defendant was present in person and was represented by his court appointed counsel, Mr. Marshall Warren of Eufaula, Oklahoma.

Prior to the date of the scheduled hearing, the petitioner wrote a letter to the district judge, bearing date of November 29, 1965, in which he made reference to the scheduled hearing, and which includes the following statement:

"Please be advised that I have filed in the United States District Court For the Eastern District of Oklahoma, a petition for writ of habeas corpus, and praying that court to grant an evidentiary hearing upon the facts of this matter. Since the State Court of Criminal Appeals denied my request for habeas corpus in the above referred case, the above mentioned Federal Court now has jurisdiction to decide the issues of this cause. Therefore, any determination had by your court on this matter is without jurisdiction to exercise its power therein, as is the State Court of Criminal Appeals. I am asking that you take judicial notice of this fact before proceeding further in this case."

When the district judge opened the hearing, he made certain remarks referring to the order of this court, and at the conclusion thereof he asked petitioner's counsel, " * * * Mr. Warren, do you have a statement to make before testimony is taken?"

Mr. Warren indicated that he did have a statement to make which is hereinafter repeated, including certain questions and answers between the Judge and the petitioner, as follows:

"Mr. Warren: Your Honor, on the 8th day of November, 1965, I was appointed by this Honorable Court to assist Mr. Peeples in this evidentiary hearing. That day I went to the State Penitentiary at McAlester, Oklahoma and had a conversation with the defendant, Cleo Peeples. I further, on that day, checked jail records at the McAlester county jail, and since that time I have checked the records in the justice of the peace court of Eufaula, Oklahoma, the district court records pertaining to this case, the sheriff's office records of this county, I have interviewed several people with reference to this case, one being by telephone to Mr. Andy Bidwell who was one of the arresting officers—another telephone conversation with a former highway patrolman, Lt. Railey, who lives at Lawton, the people who were officers of this county at that time, and talked to Mr. A. N. Boatman by telephone with reference to this case, and made what I thought was a thorough investigation of the facts.

"On talking with Mr. Peeples, it is his desire at this time not to put on any evidence in his behalf, for fear, and as the court stated, Mr. Peeples has filed in the United States Disrict Court for the Eastern District of Oklahoma a writ, and he informs me that this court, or the Federal Court, has taken jurisdiction of this. And he feels that any evidence that might be put on here would jeopardize his action

there. I would like to request a transcript of this hearing at State or County expense for the defendant Cleo Peeples. We don't desire to put on any evidence.

"The Court: Is that your view, Mr. Peeples? Do you concur with your attorney on that statement, that you don't desire to put on any testimony? A. I refuse to answer any questions— I filed a writ.

"The Court: You have heard what Mr. Warren said, though, didn't you? A. Yes, sir."

At this point the judge informed the petitioner's counsel that he might still call any witnesses, if he desired, and proceed to conduct the hearing.

At the outset, it should be said that petitioner has been misinformed concerning the jurisdiction of the district court to conduct the evidentiary hearing; and this court to subsequently consider the findings, and conclusions reached by the district court of McIntosh County, as reflected in the record of such hearing. By the very nature of the directive concerning the evidentiary hearing, this court retained jurisdiction over the matter until its duty is fully performed.

■ As the United States Court of Appeals, Ninth Circuit, said, while discussing the "Rule of Comity", in Strand v. Schmittroth, 251 F.2d 590, 597:

"Where a state court and a court of the United States may each take jurisdiction, the tribunal which first gets it holds it to the exclusion of the other, until its duty is fully performed and the jurisdiction invoked is exhausted; and this rule applied alike to both civil and criminal cases."

See also Taylor v. Taintor, 16 Wall. 366, 83 U.S. 366, 21 L.Ed. 287.

■ Quoting further from the dictum found in the Strand case, supra, the court said:

"The consent of the accused is of no consequence. His acquiescence, approval or resistance cannot affect the choice of the forum. His consent while in physical custody of another sovereign cannot confer jurisdiction upon any tribunal. Refusal upon his part to participate in the proceedings against him in any court is of no avail."

See also: Ker v. People of State of Illinois, 119 U.S. 436, 444; 7 S.Ct. 225, 229; 30 L.Ed. 421.

■ From the outset of the evidentiary hearing, it is evident that petitioner refused to participate in the hearing in any manner whatsoever; also that he instructed his court appointed counsel not to participate in the hearing. The fact that he might have been misinformed by some of the contentious legal counsel found within the walls of the State penitentiary, instead of considering the advice provided by his court appointed attorney, is a fact with which he must hereafter suffer the consequences. In this action, petitioner is the movant; and this action assumes the nature of an appeal. Such being true, the burden is upon the petitioner to bring forth the facts to support the allegations set out in his petition. As was stated in Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582:

"In a collateral attack upon a judgment, especially one affirmed on appeal, the movant 'undertakes a severe burden.' "

See also United States v. Robinson, D.C., 143 F.Supp. 286.

In his petition it is first alleged that the petitioner was arrested without a warrant, in the middle of the night at his home, where he was asleep. The record reflects that this is true. He was arrested either late the night of October 16, or early the morning of October 17, 1947.

The record further reflects that the crime of rape, which is a felony in this State, was reported to the sheriff's office by one Mr. Sevear Humphrey; that petitioner was thereafter arrested by Clarence Douglas, sheriff of McIntosh County, who

was assisted by patrolman Andy Bidwell and Lt. Railey, both members of the Oklahoma Highway Patrol; and that after he was arrested, the two highway patrolmen took petitioner to the Pittsburg county jail in McAlester, Oklahoma, some 24 miles distance from Eufaula, the county seat of McIntosh County.

The justice of the peace records reflect that on October 18, 1947, two days following the commission of the crime charged, a formal complaint was filed against petitioner by the victim, Mrs. Willard Waters. On the same date the complaint was filed, the warrant for arrest was issued, and returned by the sheriff.

■ In accordance with the statutes of this State, the arrest was entirely proper. Title 22 Okl.St.Ann. § 196, provides:

"A peace officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence.

"2. When the person arrested has committed a felony, although not in his presence.

"3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

The records also reflect that on October 21, 1947, petitioner was arraigned in the justice of the peace court, where he entered his plea of "not guilty", waived preliminary hearing, and was bound over to stand trial in the district court.

Sheriff Clarence Douglas testified that petitioner was first placed in the Pittsburg county jail at McAlester, Oklahoma, for safe keeping, due to the poor condition of the McIntosh county jail. That there were no threats of mob violence, and that after his arraignment before the justice of the peace, he was transported to the state penitentiary for the same reason that he had placed him in the Pittsburg county jail. The sheriff also testified that prior to his arraignment before the justice of the peace, the county attorney, Mr. Hazen Green, now deceased, explained petitioner's constitutional rights to him. At that time petitioner entered his plea of not guilty, and waived preliminary hearing.

■ Petitioner alleges that he did not have legal counsel; and that he was threatened by mob violence. The record before this court does not sustain either allegation. The transcript of proceedings before the district court on December 29, 1947 reflects that he was represented by competent counsel of his own choosing, Mr. A. N. Boatman, of Okmulgee, Oklahoma. Mr. Boatman testified that he was employed to represent the defendant, Cleo Peeples, by the sister of Peeples, and one whom he thought to be Peeples' brother-in-law.

Mr. Boatman, who is a most competent attorney, having been a member of the Oklahoma Bar for more than forty-nine years; and who has had extensive experience in criminal law, appeared and testified at the evidentiary hearing. He testified that he went to the penitentiary at McAlester, where he discussed the matter at length with the petitioner. He also testified that there was no evidence of mob violence, and he found no evidence of threats having been made toward the petitioner. He stated that on the day of the district court arraignment, and prior to its commencement, he discussed the matter with the petitioner and his sister. He said, "I went to McAlester and talked to him at length in McAlester. * * * I saw him again on that day (the day of the arraignment in the district court), and we had quite a discussion, together with his sister and whoever this other person was." He stated further, which is borne out by the transcript of the proceedings before the district court, that on December 29, 1947 the petitioner

entered his plea of "guilty" himself, in person.

The transcript of the record, made on December 29, 1947, reflects the following to have transpired:

"Mr. Green (County Attorney): Your Honor, I will read the information at this time. (Information read)

"The Court: You may stand up, Peeples. To Mr. Boatman—Do you represent the defendant?

"Mr. Boatman: Yes, I represent the defendant—that is—for the purpose of this arraignment.

"The Court: You have heard the reading of the information?

"Defendant: Yes sir.

"The Court: Are you ready to plead at this time?

"Defendant: Yes sir.

"The Court: You have explained to him his rights that he may have 24 hours in which to plead?

"Mr. Boatman: I have been over that with him.

"The Court: I know he was well represented.

"Mr. Boatman: Yes, and we have had a talk and I think he understands all about it.

"The Court: What is your plea?

"Defendant: Guilty.

"The Court: You have had an attorney of your own choice, have you not?
"Defendant: Yes, sir.

"The Court: Mr. Boatman was the attorney you selected to represent you?

"Mr. Boatman: His relatives did.

"The Court: You know that's your attorney, and you have consulted with him?

"Defendant: Yes, sir."

In addition to the testimony of Mr. A. N. Boatman, the sheriff of McIntosh County, Mr. Clarence Douglas, testified that defendant was represented by Mr. Boatman; and that petitioner personally entered his guilty plea at the district court arraignment.

Mr. Sevear Humphrey testified that he was the person who reported the crime to the sheriff's office on October 16, 1947. Mr. Jim Kindred, sheriff of Pittsburg County, testified as to the records which reflected the initial confinement of petitioner in the Pittsburg County jail, and his release to Sheriff Douglas on October 21, 1947.

 As to petitioner's allegation that he was "held six days before being taken before an examining magistrate", the records reflect the time element to have been only five days. However, we observe in Klink v. Looney, 262 F.2d 119, wherein the United States Court of Appeals, 10th Circuit, affirmed the conviction of petitioner, who alleged he had been held incommunicado in the city jail of Portland, Oregon, for a period of twelve days prior to being turned over to the U. S. Marshal, the court said, on page 121:

"* * * it is well settled that the jurisdiction of the court in which an indictment is found is not impaired by the manner in which the accused is brought before it. The fact that the arrest was unlawful or the removal proceedings illegal would not affect such jurisdiction."

In the instant case, a proper information was filed in the district court, and the date was set for arraignment of the petitioner on December 29, 1947. Likewise, prior to the arraignment in the district court, the petitioner was afforded the assistance of counsel of his own choice. At the arraignment, petitioner personally entered his plea of guilty, and upon the recommendation of the county attorney, and with the consent

of defendant, judgment and sentence was passed at that time.

■ After the defendant enters his plea to the merits of the case, he is in no position to later contend that he was denied a preliminary hearing. The rule was most recently repeated in Melchor v. State, Okl. Cr., 404 P.2d 63:

"If defendant, upon arraignment, pleads to the merits and enters on trial, he waives right to preliminary examination, or, if one was held, and irregularities therein."

See also Blake v. State, Okl.Cir., 375 P.2d 270; and Muldrow v. State, 16 Okl. Cr. 549, 185 P. 332.

In the case at bar, this petitioner entered his plea to the merits of the case of his own free will and choice. Any complaint he now makes with reference to his alleged denial of preliminary hearing cannot be accepted.

We have reviewed all of the authorities cited by the petitioner, in his effort to justify his release from the State Penitentiary; and we are of the opinion that all of the requirements set out in each of those authorities cited, have been met in the trial of this petitioner.

After reviewing the record of the evidentiary hearing conducted before the Hon. Robert J. Bell, district judge, McIntosh County, Oklahoma, on December 7, 1965, as directed by this court, we have reached the following conclusions of fact:

1. That the crime of first degree rape was committed by this petitioner on October 16, 1947; he was arrested on October 17, 1947; a proper complaint was filed against the petitioner in the justice of the peace court of McIntosh County on October 18, 1947, and petitioner was arraigned in that court on October 21, 1947, when he entered a plea of "not guilty", and waived the holding of a preliminary hearing; that petitioner was on that date bound over for trial in the district court.

2. That there has been no evidence offered to show that there was any mob violence, or any threats made against this petitioner, when he was arrested and stood trial; and, that petitioner was initially incarcerated in the Pittsburg county jail for safekeeping, and later temporarily confined in the state penitentiary for the same reason, due to the inadequacy of the McIntosh county jail.

3. That prior to petitioner's arraignment in district court, he received the advice and counsel of able, competent, and experienced legal counsel, Mr. A. N. Boatman of Okmulgee, Oklahoma.

4. That petitioner was provided a copy of the information filed in the district court, charging him with the crime of first degree rape, as provided for by statute.

5. That petitioner was personally present in the court room at his arraignment, with counsel of his own choice; the information was read to petitioner in open court; petitioner's legal counsel entered his appearance; and petitioner stated in open court that Mr. Boatman was counsel of his own choice.

6. Petitioner was advised, by the court, of his right to have twenty-four hours time in which to enter his plea; petitioner waived the twenty-four hour provision and personally entered his plea of "guilty" in open court.

7. That the county attorney recommended to the court that petitioner be given a life sentence in the state penitentiary; that petitioner was given the opportunity, by the court, to withdraw his plea of guilty, prior to sentencing, which petitioner refused to do.

8. That on December 29, 1947 the district court passed judgment and sentence on the petitioner, and sentenced him to life

imprisonment in the state penitentiary at McAlester.

9. That at the evidentiary hearing conducted before the District Judge of McIntosh County on December 7, 1965 petitioner refused, of his own will and for his own reasons, to participate in that hearing, and refused to offer any evidence or testimony; that he likewise instructed his court-appointed counsel, Mr. Marshall Warren, not to participate in that hearing.

10. That the Court of Criminal Appeals, State of Oklahoma retained jurisdiction over this matter, when the opinion was rendered in Peeples v. Page, Okl.Cr., 407 P.2d 605, which denied petitioner's writ of habeas corpus, and ordered the conduct of the before mentioned evidentiary hearing.

11. That the district court of McIntosh County had jurisdiction to conduct the said evidentiary hearing, as ordered by this court; and that the said evidentiary hearing conducted on December 7, 1965 before the Hon. Robert J. Bell, district judge, was regular and proper in all manner and form.

12. And, that the conclusions reached by the district judge, as reported to this court: that none of the rights under the Constitution of the United States, or the Constitution of the State of Oklahoma, were denied this petitioner when he was tried and convicted on December 29, 1947, are correct.

We therefore are of the opinion that the petitioner, Cleo Peeples, was accorded a fair trial, and received due process of law, when he was tried and sentenced to life imprisonment for the crime of first degree rape, in the district court of McIntosh County, Oklahoma on December 29, 1947; and we can see no reason why the judgment and sentence should not be carried out.

Therefore, petitioner's claim of right to a post conviction appeal, under the authority of Senate Bill No. 152, 30th Oklahoma Legislature, is denied.

BUSSEY, P. J., and NIX, J., concur.