Donald R. MAGHE, Appellant,

v.

The STATE OF OKLAHOMA, Appellee.

No. 8338.

United States Court of Appeals
Tenth Circuit.

Feb. 14, 1966.

Charles W. Ellis, Oklahoma City, Okla., for appellant.

Charles L. Owens, Asst. Atty. Gen. (Charles Nesbitt, Atty. Gen. of Oklahoma, with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

Petitioner is serving a sentence in the Oklahoma State Penitentiary. He here appeals from the denial of his petition for habeas corpus by the United States District Court for the Eastern District of Oklahoma.

The record shows that petitioner was arrested and released on bond. He pleaded not guilty at his arraignment on March 12, 1963. Petitioner was represented by counsel who later withdrew.

Trial was set for March 19th, but the petitioner failed to appear for it. On April 22d, petitioner surrendered himself and was jailed. In October 1963, counsel was appointed by the state court, and this counsel represented him at his trial held on January 30, 1964. Petitioner was found guilty, and sentencing deferred.

During the night following the trial petitioner attempted to commit suicide, and because of his need for medical care resulting from such attempt, the trial judge sentenced him the next day. Petitioner was then moved immediately to the State Penitentiary where he was hospitalized.

Petitioner's court-appointed attorney made an unsuccessful motion for a new trial before sentencing, but no notice of appeal was filed. There is a conflict in the testimony at the habeas corpus hearing below concerning the intention of the petitioner and his attorney as to an appeal. Petitioner testified that he asked his attorney to appeal and he understood that the attorney would do so. His attorney, however, stated that he had told the petitioner that he did not have any grounds for appeal, and that he had not been requested to file an appeal. He also testified that he had made no attempt to communicate with the petitioner after he was moved to the penitentiary hospital.

Petitioner subsequently filed pro se a motion for a new trial with the trial court which was denied. He then filed with the Oklahoma Court of Criminal Appeals a motion for permission to appeal in forma pauperis. He was informed by letter from the presiding judge that the time for perfecting an appeal had expired, and the court could not consider his appeal. He was later again so informed, and that the court had no authority to appoint an attorney.

The Court of Criminal Appeals subsequently entertained petitioner's petition for habeas corpus which he filed pro se. The petitioner proceeded in forma pauperis and had prepared a case made

of his trial without cost; however, the court denied the petition stating in its decision that the case made was faulty in that it was not signed by the court or by petitioner's attorney, and that it did not support a finding that petitioner had been denied any statutory or constitutional right. The court apparently limited its consideration of the case made to the issue of whether the trial court had jurisdiction, and whether it had power to render the judgment it did. Apparently no hearing was held. Maghe v. Page, 395 P.2d 655 (Okl.Cr.).

Petitioner then filed his petition for a writ of habeas corpus with the United States District Court. He asserted as grounds for relief the delay in being tried and the failure to have his conviction appealed. An attorney was appointed, a hearing had, and the court denied the petition. The District Judge held that petitioner had exhausted his state remedies through the state habeas corpus petition.

On this appeal the petitioner alleges that he was denied his constitutional right to a speedy trial; was denied counsel in his attempt to appeal the trial court's decision and in petitioning for habeas corpus to the Court of Criminal Appeals.

The Oklahoma Legislature has recently enacted remedial legislation which appears to give petitioner an opportunity to present to the Oklahoma courts his contention concerning his failure to appeal his conviction. This legislation became effective at about the date of the hearing below, and there was insufficient time for the parties or the court to have knowledge of it. This legislation permits the Oklahoma Court of Criminal Appeals to entertain certain appeals after the original time for appeal has expired. 22 O.S.Supp. 1965 § 1073. The first section of that act reads as follows:

"The Court of Criminal Appeals may entertain an appeal, after the original time in which an appeal should have been perfected has expired, when the Court determines

that any person confined in any penitentiary or penal institution within the State of Oklahoma has been denied any right guaranteed to him by the Constitution of the United States or the Constitution of the State of Oklahoma relating to the right to appeal."

Other sections permit the court to establish rules and order hearings, and relate to the preparation of transcripts and appointment of counsel.

■■ The new post-conviction statute may be invoked at the discretion of the state court where it appears on the petitioner's allegation that his constitutional right to an appeal has been denied. The act has been considered by the Oklahoma court in Hinex v. State, 407 P.2d 607 (Okl.Cr.), where petitioner alleged that court-appointed counsel had not complied with a request to appeal, and In Re Scobie's Appeal, 403 P.2d 257 (Okl.Cr.), where the court found that the petitioner had been denied an appeal through the unilateral action of the public defender.

The Supreme Court of the United States had before it in Case v. State of Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422, a similar circumstance where a state remedy had become available during the time the case was before it. The Court there held that the action should be remanded to the state court for utilization of the remedy. In the case before us the same possibility should be considered, and the matter remanded to the United States District Court for a determination of whether an adequate state remedy does now exist.

It further appears from the most recent habeas corpus cases decided by the Oklahoma Court of Criminal Appeals that habeas corpus as a remedy may have now been enlarged sufficiently to include consideration of the deprivation of constitutional rights alleged by the petitioner. Wages v. Page, 404 P.2d 690 (Okl.Cr.); Johns v. State, 403 P.2d 916 (Okl.Cr.); Penny v. Page, 402 P.2d 279 (Okl.Cr.); Pulliam v. Page, 401 P.2d 530 (Okl.Cr.).

In addition, the Oklahoma courts have applied the enabling provisions of the remedial statute quoted above (22 O.S. Supp.1965 § 1073) to order an evidentiary hearing in a habeas corpus proceeding where it appeared that the petitioner's constitutional rights may have been denied. Peeples v. Page, 407 P.2d 605 (Okl.Cr.).

The dismissal is set aside, and the case remanded for further proceedings in accordance herewith.