**Alvin Lee JENKINS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17401.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1972.

Rehearing Denied Oct. 2, 1972.

Curtis A. Parks, Public Defender, Thomas W. Whalen, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Alvin Lee Jenkins, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Oklahoma, for the offense of Shooting with Intent to Kill; his punishment was fixed at a term of not less than fifteen (15) nor more than twenty (20) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Margie Jenkins, the defendant's wife, testified that on June 29, 1971 she and the defendant were living with the defendant's parents. She and the defend-

ant had been arguing for several days. At approximately 3:00 in the afternoon, she was watching television in the den when the defendant entered the den holding a gun. Defendant's mother grabbed the telephone and said she was going to call the police. The defendant replied that it wouldn't make any difference because by the time they got there it would be too late to help her. She jumped up and ran toward a bedroom and was shot in the leg. She fell to the floor, got up and started running again and was shot in the hip. She fell again, got up and started towards the kitchen and was shot in the back. She did a flip, hitting a wall knocking out her front teeth. She was hospitalized for more than two months and testified that she would not be able to walk again.

Charles Devin, a police officer, testified that he arrived at the scene and had a conversation with the defendant's father, Aaron Jenkins. He accompanied him to a bedroom where Mr. Jenkins removed a revolver from between the mattress and box springs. The revolver contained four empty shells and two live shells. He took the revolver and the shells to the dining room where he turned them over to Sergeant Hunt.

Sergeant Hunt testified that he obtained the pistol from the dining room table and turned the pistol over to Officer Yarbrough, who placed it in the property room at the Tulsa Police Department.

Ella Jenkins, the defendant's mother, testified that on June 29, 1971 the defendant and Margie were living with her and her husband. The defendant and Margie were arguing and she told the defendant to " 'go on and go cool off and let the girl alone.' " (Tr. 127) Defendant left the room and came back with a gun. He fired at Margie and missed her. She testified that "I thought Margie had got out doors and got away, and I asked my sister-in-law, 'Where is Margie?' And she said 'she is laying in the dining room.' " (Tr. 128) She found Margie lying on the floor with her head in the kitchen and her legs in the dining room.

Aaron Jenkins, the defendant's father, identified State's Exhibit Two as being his pistol, which he kept in the bedroom. He found it laying in the yard when he came home from work on June 29, 1971 and turned it over to the police department.

The defendant did not testify nor was any evidence offered in his behalf.

The first proposition asserts that the court erred in proceeding with the trial before defendant had either been afforded a preliminary hearing or had effectively waived his right thereto. The record reflects that the information was filed against the defendant on June 30, 1971 at which date he was brought before the court and represented by P. D. Langley, the Public Defender. Defendant entered a plea of not guilty and a preliminary hearing was set for July 14, 1971. July 14, 1971 the defendant was present and represented by P. D. Langley. The preliminary hearing was passed until August 2, 1971, the reason for passing the preliminary hearing not being shown on the docket sheet. On August 2, 1971 the defendant again appeared with his attorney P. D. Langley. The case was passed because of the absence of a witness until September 29, 1971. Defendant appeared on September 29, 1971 with a privately retained counsel, Jack Naifeh, and through his counsel waived his right to a preliminary hearing. On October 7, 1971, the defendant with counsel, Jack Naifeh, waived the reading of the information and entered a plea of not guilty. The case was set down for trial on November 8, 1971 jury docket. On November 8, 1971 the defendant appeared in court and Jack Naifeh was allowed to withdraw as attorney of record. The defendant's jury trial was passed until November 22, 1971. On November 17, 1971, the defendant filed a motion to withdraw his waiver of a preliminary hearing. The motion was filed by William O. (Don) Evans, attorney for defendant. There is no record indicating whether Evans was retained by the defendant. On November 22, 1971 defendant was present in court and Leslie Earl, Public Defender, was appointed to represent him.

A jury trial was passed to December 13, 1971. On November 23, 1971, the defendant appeared in court with his attorney, Leslie Earl, whereupon the defendant made an application to "have further preliminary." The motion was overruled. On February 2, 1972, the defendant was present in open court and represented by Leslie Earl. The defendant made an oral application to remand for further preliminary hearing, which was denied. The jury trial was reset for February 23. February 23, 1972, prior to the beginning of the trial, the defendant moved that the case be remanded for a preliminary hearing. The Court, after hearing testimony of the defendant, denied the motion.

■ We need only observe that the defendant did not file a motion to withdraw his waiver of preliminary hearing until more than a month after he had entered his plea of not guilty. In Peeples v. Page, Okl.Cr., 410 P.2d 888, we stated:

"After the defendant enters his plea to the merits of the case, he is in no position to later contend that he was denied a preliminary hearing. The rule was most recently repeated in Melchor v. State, Okl.Cr., 404 P.2d 63:

'If defendant, upon arraignment, pleads to the merits and enters on trial, he waives right to preliminary examination, or, if one was held, and irregularities therein.'

"See also Blake v. State, Okl.Cir. [sic], 375 P.2d 270; and Muldrow v. State, 16 Okl.Cr. 549, 185 P. 332."

We therefore find this proposition to be without merit.

■ The final proposition asserts that the punishment is excessive appearing to have been given under the influence of passion or prejudice. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and this Court does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264. The defendant was only sentenced to fifteen (15) to twenty (20) years imprisonment, whereas the victim was sentenced to a lifetime in a wheelchair. We are of the opinion that the defendant richly deserved the punishment imposed.

Defendant has filed a pro se "Amended Brief". We have carefully examined the propositions asserted and find them to be without merit.

The judgment and sentence is accordingly affirmed.

SIMMS, J., concurs.

BRETT, J., not participating.